[No. 20380.    In Bank. — June 7, 1888.]

## THE PEOPLE, RESPONDENT, *v.* ED. HANSELMAN, APPELLANT.

CRIMINAL LAW — LARCENY — INFORMATION MUST ALLEGE OWNERSHIP OF STOLEN PROPERTY. — Under the Penal Code, an information for larceny must aver that the thing alleged to have been stolen was the property of some person other than the one charged with stealing it. An information which omits such averment is fatally defective, and a judgment of conviction rendered thereon will be reversed.

ID. — CONSENT TO TAKING. — The prosecuting witness, a constable, for the purpose of detecting the persons who had been committing thefts in the neighborhood, on the night of the alleged larceny disguised himself and feigned drunkenness. After staggering around the streets a while, he lay down in an alley and pretended to be in a drunken stupor. Shortly after, the defendant and another person came to him and took from his pocket the money alleged to have been stolen. He was perfectly conscious at the time, and made no resistance, and intended that any thief who tried it should be allowed to take the money, in order that a case of larceny might be made out against him. He had no previous suspicion, however, of the defendant, and was surprised at his participation in the act. *Held,* that the acts of the prosecuting witness did not amount to a consent to the taking.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing an arrest of judgment.

The facts are stated in the opinion of the court.

*Shaw & Damron,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J.—The defendant, who is appellant here, was convicted of the crime of grand larceny, averred to have been committed by taking three dollars from the person of F. Q. Slanker.

The motion in arrest of judgment should have been granted. There is no pretense of an averment in the information that the thing alleged to have been taken was the property of any person other than the appellant. The attorney-general admits this omission to be a fatal defect, "unless the code had changed the rule." But the code does not make any change which would justify a pleader in omitting from an indictment any essential element of the crime sought to be charged. And under all definitions of larceny found in the books, the ownership of the property averred to have been stolen in some other person than the one charged with stealing it is an essential element of the crime. The code of this state provides that it must be the property "of another." And all the authorities are concurrent to the point that this essential part of the crime must be stated in the indictment. (2 Archbold's Criminal Law, 357 et seq.; 2 Russell on Crimes, 107.) To disregard this firmly fixed and universal rule, in order to condone the faultiness of the information in this case, would be to commit an act of judicial usurpation. The case of *People* v. *Hicks,* 66 Cal. 103, cited for respondents, is against them. In that case the court held that there *was* a sufficient averment that the property stolen belonged to the prosecuting witness; and the opinion went upon the theory that such an averment was necessary. For this reason, therefore, the judgment must be reversed.

But as the case may possibly be tried again under another information or indictment, it is proper to notice the second point made by appellant. The appellant

claimed that he was not present at the time of the alleged commission of the larceny, and introduced some evidence tending to prove an *alibi.* The jury, however, had a right to believe the testimony of the prosecuting witness, Slanker. But the appellant contends that Slanker's testimony, taken as true, does not make out a case of larceny, because it shows that the money was taken with his (Slanker's) consent. The statement of Slanker was substantially this: He was a constable in the town of Pomona, and some crimes having been committed in the town, he, for the purpose of detecting the thieves, on the night of the alleged larceny, disguised himself and feigned drunkenness. After staggering around the streets a while, he lay down in an alley and pretended to be in a drunken stupor. Shortly afterward, the appellant and another person came to him and took from his person three dollars, which he had put in the pocket of his overalls. He was perfectly conscious at the time and made no resistance, and intended that any thief who tried it should be allowed to take the three dollars in order that a case of larceny might be made out against him. He had no previous suspicion, however, of the appellant, and was surprised at his participation in the act. And under these circumstances counsel for appellant contends that the thing done was not larceny, because the money was not taken against the consent of the prosecuting witness.

It is no doubt true, as a general proposition, that larceny is not committed when the property is taken with the consent of its owner; but it is difficult in some instances to determine whether certain acts constitute, in law, such "consent." And, under the authorities, we do not think that there is such consent where there is mere passive submission on the part of the owner of the goods taken, and no indication that he wishes them taken, and no knowledge by the taker that the owner wishes them taken, and no mutual understanding between the two,

and no active measures of inducement employed for the purpose of leading into temptation, and no preconcert whatever between the thief and the owner. And some of the circumstances were present in all the cases cited by counsel for appellant. In the case of *Rex* v. *McDaniel*, Fost. 121, which was a case of robbery, Salmon, the person alleged to have been robbed, entered into a conspiracy with one Blee, by which Salmon was to be robbed by Blee and certain other persons whom Blee was to entice into the scheme; and the court held that the acts done in carrying out the conspiracy, which looked like robbery, were not robbery at all, because Salmon was an active participant in and had planned the whole affair. And Justice Foster, delivering the opinion of the court, in noticing the case of one Norden, makes a distinction between that case and the McDaniel case, which may well be applied to the case at bar. He says: —

"I come now to the case which I promised at the beginning to consider and distinguish. from the present case. One Norden, having been informed that one of the early stage-coaches had been frequently robbed by a single highwayman, resolved to use his endeavors to apprehend the robber. For this purpose he put a little money and a pistol into his pocket and attended the coach in a post-chaise, till the highwayman came up to the company in the coach and to him, and presenting a weapon, demanded their money. Norden gave him the little money he had about him, and then jumped out of the chaise with his pistol in his hand, and with the assistance of some others took the highwayman.

"The robber was indicted about a year ago in this court for a robbery on Norden, and convicted. And very properly, in my opinion, was he convicted.

"But that case differed widely from the present. In that case Norden set out with a laudable intention to use his endeavors for apprehending the highwayman, in case he should that morning come to rob the coach,

which at that time was totally uncertain; and it was equally uncertain whether he would come alone or not. In the case now under consideration there was a most detestable conspiracy between Salmon and the rest of the prisoners that his property should be taken from him under the pretense and show of a robbery, and time, place, and every other circumstance were known to Salmon beforehand, and agreed to by him."

In *United States* v. *Whittier*, 5 Dill. 35, cited by appellant, the defendant was tempted to send obscene matter through the mails by a decoy letter sent to him for the express purpose of inducing him to commit the offense.

In *Dodge* v. *Brittain*, Meigs, 84, the court merely holds that there would have been no larceny "if the master had directed the servant to deliver the property to the thief instead *of directing him to furnish facilities* for his arriving at the place where it was kept." This case, indeed, is most strongly against the contention of appellant.

Bishop, under the head of "Plans to Entrap," sums up the authorities on the subject as follows: "If a man suspects that an offense is to be committed, and, instead of taking precautions against it, sets a watch and detects and arrests the offenders, he does not thereby consent to their conduct, or furnish them any excuse. And in general terms, exposing property or neglecting to watch it, under expectation that a thief will take it, or furnishing any other facilities or temptations to such or any other wrong-doer, is not a consent in law." (1 Bishop on Criminal Law, 262.)

From the authorities and upon principle we are of opinion that the conduct of the witness Slanker, as detailed by him in his testimony, did not amount to consent in law, and affords no reason why the act of appellant in taking the money (if he did take it in the manner as sworn to by Slanker) was not larceny. If there had been preconcert of action between Slanker

and appellant, a different question would have been presented.

We think that the instructions of the court were, upon the whole, correct; but the record does not show any exceptions taken to them. At all events, if there shall be another trial, the court can readily make its instructions comply with this opinion.

Judgment and order appealed from reversed, and cause remanded.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., McKINSTRY, J., and THORNTON, J., concurred.