[Crim. No. 556.   Department One.—October 30, 1899.]

THE PEOPLE, Respondent, v. JOHN PIGGOTT, Appellant.

CRIMINAL LAW—GRAND LARCENY—INDICTMENT—TIME OF OWNERSHIP.— An indictment charging the larceny of money and purses stolen from the person and immediate possession of another person named, "the same being the money and property" of said person, although it would be improved if the words "then and there" were inserted before the word "being," is not rendered void by their omission. The indictment is to be reasonably and fairly construed, under our statute, as intended to charge the ownership of the property at the time it was stolen; and the defendant could not be misled by the form of the allegation.

ID.—FORM OF AVERRING OWNERSHIP.—The form of averring ownership by the use of the word "being," instead of by positive averment, though not favored, is not substantially objectionable, and is ample to support a verdict and judgment.

ID.—EVIDENCE—DECLARATIONS OF PROSECUTING WITNESS.—Declarations of the prosecuting witness in reference to the fact of robbery by the defendant and a codefendant, made at the time of the taking of purses of money from him, and while he had hold of both of them, in their presence and hearing, are admissible against the defendant.

ID.—HARMLESS EVIDENCE OF DECLARATIONS.—Where the defendant testified that he told the prosecuting witness that he did not have his pocketbook, and the latter testified that the defendant was the man who stole the money, the defendant cannot be preju-

diced by evidence of any declaration made by the prosecuting witness at the time of or immediately after the theft.

ID.—PURSE DROPPED BY CODEFENDANT.—One of the stolen purses dropped by a codefendant, containing thirty dollars, which there was evidence tending to show had been passed by the defendant to the codefendant, was admissible in evidence, as part of the *res gestae.*

ID.—MONEY FOUND IN DEFENDANT'S STOCKINGS—HABIT OF DEFENDANT— REBUTTAL—PRIOR SEARCHES BY POLICE.—Where one of the stolen purses contained five twenty-dollar pieces, and five twenty-dollar pieces were found concealed in defendant's stockings, upon search at the city prison after his arrest, the testimony of the defendant that he placed the money there previous to the alleged larceny, and was always in the habit of so carrying his money, may be rebutted by proof that the police detectives had searched the defendant many times, and had found money on his person, but never in his stockings, although they had examined them.

ID.—HABIT OF CARRYING MONEY NOT COLLATERAL MATTER—REFERENCE TO PREVIOUS ARRESTS—HARMLESS EVIDENCE.—Evidence as to the habit of the defendant in carrying money in his stockings was not as to a collateral matter, but was direct and material evidence upon an issue in the case. The prosecution might have proved in chief that the defendant was not in the habit of so carrying his money; and the incidental reference to previous arrests by the police, in connection with proof of their searches, was not ground for rejecting their testimony in rebuttal of defendant's evidence. The testimony as to such previous arrests was harmless, where the defendant showed upon cross-examination of witnesses that he had been arrested eighteen or twenty times upon criminal charges.

ID.—REFUSAL OF INSTRUCTION TO ACQUIT.—An instruction requested by the defendant, which, in substance, told the jury to acquit the defendant for want of any evidence tending to convict him of the larceny charged is properly refused, where the prosecuting witness testified that defendant was the man who stole his money.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tirey L. Ford, Attorney General, A. A. Moore, Jr., Deputy

Attorney General, and A. P. Black, Deputy District Attorney,
for Respondent.

GAROUTTE, J.—Defendant has been convicted of the
crime of grand larceny, and appeals from the judgment and or-
der denying his motion for a new trial.

He insists the indictment is fatally defective. It alleges:
"The said John Piggott and Cal Childs on the eleventh day of
February, A. D. 1899, at the said city and county of San Fran-
cisco, did . . . . steal, take, and carry away from the person
and immediate possession of Gregoire Henrioulle one hundred
and thirty dollars, gold coin of the United States, lawful money
of the United States, . . . . the same being the money and
property of said Gregoire Henrioulle; and two money purses of
the value of fifty cents each in lawful money of the United
States, said purses being the personal property of said Gregoire
Henrioulle."

It is now claimed that there is no allegation in the pleading
alleging the money stolen to have been the property of Hen-
rioulle at the time it was stolen. It will be observed that the
indictment says, "being the money and property of said Gre-
goire Henrioulle." It is now asserted that the word "being"
refers to the time of the filing of the indictment, and not to
the time of the commission of the larceny, and therefore the
allegation is that the money and property was the money and
property of Henrioulle at the time of the filing of the indict-
ment; and this would be the allegation of a fact of no material-
ity to the legal sufficiency of the pleading. Some ancient Eng-
lish authority is cited to support the contention here disclosed,
but, even conceding the soundness of the reasoning upon which
the conclusion is rested in those cases, still in this day, under
the code procedure, we are satisfied such a holding would be
sticking in the bark. Our statute says that the indictment
must be so framed that a person of common understanding may
know what is intended. While this pleading would have been
better if the words "then and there" had been inserted before
the word "being," still we are satisfied that their absence does
not render it void. Any person even of the commonest under-
standing would know from the allegations here stated that he

was charged with stealing the money and property of Henrioulle, and that it was Henrioulle's money and property 'at the time it was stolen. If he is charged with stealing Henrioulle's money and property, it certainly must have been his at the time it was stolen. This is the only reasonable and fair construction of the pleading. It is not possible that the defendant could have been misled by these allegations. He understood them perfectly well, and must have understood that it was Henrioulle's money and property that he was charged with having stolen. In the reports of this state we find many indictments and informations for larceny framed in this respect similar to the one at bar, and, while their legal sufficiency has been attacked upon many grounds, they have been upheld. The particular objection here presented possibly has never been raised, presumably we think because it has never been deemed of substantial merit. But, however that may be, we are convinced the defect in this pleading does not go to its substance, and therefore hold that the point made is not well taken.

The remaining objection to the indictment goes to the effect that the allegation of ownership is not made by positive declaration, but is a mere matter of recital. There is no great substance in this objection. Such style of pleading is not the best and is not favored. At the same time it has been held sufficient by this court, and in various cases declared ample upon which to support a verdict and judgment.

The prosecuting witness was standing upon the rear platform of a crowded electric-car when it is claimed that his pocket was picked of two purses, containing thirty dollars and one hundred dollars respectively. At the very moment that he claims to have been robbed he grasped the defendant Piggott and immediately thereafter also grasped the codefendant Childs, they being in his immediate presence at the time. He testified at the trial that he felt a hand withdrawn from his pocket; that he saw it was Piggott's hand, and thereupon he took hold of him. He further testified that about the same time he saw Piggott pass some article to his codefendant Childs. There was other evidence to the effect that the codefendant dropped the article passed to him by Piggott upon the car platform, and it, having been picked up, was found to be the purse of the prosecuting

witness containing the thirty dollars. Upon being searched at the city prison, five twenty-dollar gold pieces were found concealed in the stockings of defendant. The remaining purse of the prosecuting witness contained five twenty-dollar gold pieces. The evidence is reasonably certain that both purses with the money contained therein were taken from the pocket of the prosecuting witness. This recital of evidence is made as indicating defendant's guilt, and we are clear that it is ample to support the verdict. It may be conceded that other evidence was offered tending to contradict, explain away, and neutralize the evidence contained in the foregoing recital, but the credibility and sufficiency of all of this evidence was essentially a matter for the jury to pass upon, and not a matter for this court.

The prosecuting witness, referring to defendant, testified: "When he pulled his hand out of my pocket I grabbed him. That was the defendant Piggott's hand. I saw him then pass something to the other man, and I grabbed them two, the two of them. I grabbed the other fellow, too, and I hallooed out to my friend, 'They are robbing me.'" This friend, the witness Flinn, testified that Henrioulle said: "These two men robbed him." Those statements of Henrioulle were admitted in evidence under objection, and error in such ruling is now insisted upon. The first statement is clearly part of the *res gestae.* If the other statement was one different from the first, it was made in the immediate presence and hearing of the defendant, and for that reason was admissible. It is idle to contend that the record does not disclose it to have been made in his immediate presence and hearing, for the record does disclose that at the time the statement was made the prosecuting witness had the defendant in his grasp. Again, at this identical time, it is testified by defendant himself that "the prosecuting witness told me I had his pocketbook, and I replied, 'How dare you insult me,' or, 'I ain't got your pocketbook.'" Again, the prosecuting witness testified at the trial that the defendant was the man who stole his money; and in the face of this testimony it is impossible to see how his statement made at the time of the larceny to the same effect could possibly have injured defendant's case. There is no error in the ruling of the court upon this question which demands a new trial.

CXXVI. CAL.—33

It was clearly proper to admit in evidence the purse containing the thirty dollars which was found upon the car platform. There is some evidence that defendant passed it to his codefendant, and that the codefendant dropped it upon the platform. Under any circumstances, it was the purse of Henrioulle, declared by him to have been stolen, and therefore clearly admissible as part of the *res gestae*. Again, the five twenty-dollar pieces found in defendant's stockings were admissible in evidence. One of the purses which was stolen contained five twenty-dollar pieces only, and the coincidence of finding five twenty-dollar pieces in defendant's stockings a very short time after the commission of the offense was a matter which might well be placed before the jury. Any objection made to the admission of these facts and of this money before the jury necessarily went to the weight of the evidence rather than to its competency.

Defendant testified that he placed the one hundred dollars in his stockings the morning of the larceny. Upon cross-examination, he was asked if he was in the habit of carrying his money in those places. He answered that he always did it. In rebuttal the prosecution under objection introduced evidence tending to show that defendant was not in the habit of carrying money in his stockings. It is now insisted that this ruling of the trial court was erroneous, upon the ground that the cross-examination of the defendant as to this matter was collateral to the issue on trial, and that his evidence upon the point could not be attacked by other evidence. Defendant's declaration that he always carried his money in his stockings was not evidence as to a collateral matter. It was direct and material evidence upon an issue in the case. The prosecution would have been entitled to show in the first instance that it was not the practice of defendant to so carry his money. Such evidence would have strengthened their case. If this evidence could have been introduced in chief by the prosecution, it was not collateral to the issue of guilt or innocence.

The police detectives testified that they had searched the defendant many times, and had found money upon his person, but never had found any in his stockings, although they had examined them. This evidence tended to contradict the state-

ments of defendant upon the foregoing point, and the fact that by such evidence it may have incidentally appeared to the jury that defendant had been previously arrested upon many occasions did not furnish ground for rejecting it. Possibly, it was unfortunate for defendant that such evidence came before the jury, but it was his misfortune simply. Again, it appeared upon the cross-examination of these witnesses and others by defendant, that previously to this affair he had been arrested eighteen or twenty times upon criminal charges. For this reason the incidental reference to that unfortunate fact by other witnesses could not possibly have prejudiced his case.

Defendant's counsel complains of the action of the court in refusing his request to give various instructions to the jury. We see no merit in these contentions: as, for example, the following instruction was asked: "You are instructed there is no evidence in this case to justify the conclusion that defendant Piggott, and not somebody else, either took or carried away money or other property from the person of the prosecuting witness, and without that evidence you cannot find the defendant guilty." Considerable space in defendant's brief is devoted to an attempt to show that the refusal to give this instruction was error. When we consider that this instruction in substance told the jury to acquit the defendant, it may readily be seen why it was refused. In view of what we have already said, it certainly was properly refused. We see no substantial merit as to the claims made by defendant's counsel upon the refusal of the court to give the other instructions asked. We have carefully examined the charge given to the jury, and find no substantial error therein.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.