[Crim. No. 7. Third Appellate District.—May 29, 1905.]

## THE PEOPLE, Appellant, v. WILLIAM CLEARY, Respondent.

CRIMINAL LAW—ROBBERY—INSUFFICIENT INDICTMENT—OWNERSHIP NOT ALLEGED—CONVICTION OF GRAND LARCENY—ARREST OF JUDGMENT.— An indictment charging the crime of robbery in taking money from the person of another forcibly against his consent, which does not allege the ownership of the money taken in some person other than the defendant is insufficient, and will entitle the defendant convicted thereunder of grand larceny to an arrest of judgment.

ID.—PRESUMPTION OF OWNERSHIP FROM POSSESSION—INDICTMENT NOT AIDED.—The presumption of ownership from possession, if uncontradicted, is accepted as matter of proof; but, as matter of pleading, an indictment cannot be aided in any case by presumption.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, E. B. Power, Deputy Attorney-General, and T. T. C. Gregory, District Attorney, for Appellant.

George A. Lamont, and M. C. Chapman, for Respondent.

McYAUGHLIN, J.—Respondent was indicted by the grand jury of Solano County for the crime of robbery and found guilty of grand larceny.

On the day fixed for pronouncing judgment, he made his motion in arrest of judgment upon the grounds: "That it appears upon the face of the indictment on which said defendant was tried and convicted, that the facts stated therein do not constitute the public offense of grand larceny or any other public offense. For the reason that said indictment does not charge that the property taken was not the property of the defendant, or was the property of any person other than the defendant."

The motion was granted, and thereupon this appeal was taken.

It is thus apparent that the sole question here is the sufficiency of said indictment to sustain a conviction of grand larceny.

The part of said indictment pertinent to this inquiry reads as follows: "The said William Cleary, . . . willfully, unlawfully and feloniously, did take from the person and possession of one Peter Cadloni seventy dollars in gold and silver coin of the United States of America, which said taking of said lawful money aforesaid, was then and there without the consent and will, and was then and there, against the will of said Peter Cadloni, and was then and there accomplished by means of force used upon and against the said Peter Cadloni, by said William Cleary."

"Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property *of another*," and unless it can be said that the indictment in this case charges that the property taken was owned by some other person than

the defendant, the action of the court below must be sustained.

In *People* v. *Hanselman,* 76 Cal. 461,[1] [18 Pac. 425], it was said: "Under all definitions of larceny found in the books, the ownership of the property averred to have been stolen in some other person than the one charged with stealing it is an essential element of the crime. The code of this state provides that it must be the property 'of another.' And all the authorities are concurrent to the point that this essential part of the crime must be stated in the indictment. To disregard this firmly fixed and universal rule, in order to condone the faultiness of the information in this case, would be to commit an act of judicial usurpation."

Counsel for appellant concedes that this is the rule, but contends that it being alleged that the property was taken from the possession of Cadloni, it follows that this must be taken as an averment of Cadloni's ownership.

In support of this contention section 1963 (subd. 11) of the Code of Civil Procedure is cited.

The presumption "That things which a person possesses are owned by him," if uncontradicted, is accepted as *proof,* but we are here dealing with a *pleading,* and "In no case can an indictment be aided by presumption." (*People* v. *Terrill,* 127 Cal. 100, [59 Pac. 836]; *People* v. *Robles,* 117 Cal. 684, [49 Pac. 1042].)

*People* v. *Nelson,* 56 Cal. 77, and *People* v. *Anderson,* 80 Cal. 206, [22 Pac. 139], merely dealt with such presumption as *proof,* for in both cases the ownership of the property is distinctly averred.

*People* v. *Price,* 143 Cal. 353, [77 Pac. 73], has no application to the case at bar.

In *People* v. *Hicks,* 66 Cal. 104, [4 Pac. 1093], there is no hint that the mere averment of possession carries with it an averment of ownership.

The language there used will bear the construction that the property taken was the personal property of Frederick Schwartz, and in his possession, and this construction being adopted, there was a sufficient averment of ownership in another.

This is pointedly shown by two cases in which *People* v.

1 9 Am. St. Rep. 238.

*Hicks* was cited. (*People* v. *Hanselman,* 76 Cal. 461,[1] [18 Pac. 425] ; *People* v. *Ammerman,* 118 Cal. 26, [50 Pac. 15].)

In the latter case it was contended that the offense was described in the language of the statute defining robbery, but the court held that this was not sufficient, and that a *distinct averment of ownership was necessary.* Now, robbery is the felonious taking of personal property from the *possession* of another, and if the averment of possession carried an averment of ownership, then certainly nothing more could be requisite. And yet for forty years it has been the rule that in addition to this an averment of *ownership* is necessary. (*People* v. *Vice,* 21 Cal. 346; *People* v. *Ammerman,* 118 Cal. 26, [50 Pac. 15] ; *People* v. *Piggott,* 126 Cal. 509, [59 Pac. 31] ; *People* v. *Nelson,* 56 Cal. 80; *People* v. *Jones,* 53 Cal. 59.)

If it need only be stated that the property taken was in the possession of another, then in reason, as well as under the authorities, it need only be alleged that the taking was from the person of another. For it would thus appear that the taking was from one having possession. (*People* v. *Shuler,* 28 Cal. 493; *People* v. *Ah Sing,* 95 Cal. 655, [30 Pac. 796] ; *People* v. *Walbridge,* 123 Cal. 274, [55 Pac. 902].)

This construction would emasculate section 484 of the Penal Code, and be judicial legislation denounced as usurpation in *People* v. *Hanselman,* 76 Cal. 461,[1] [18 Pac. 425].

It would necessarily lead to a *reductio ad absurdum,* abhorred in law and logic.

The order is affirmed.

Chipman, P. J., and Buckles, J., concurred.

---

[1] 9 Am. St. Rep. 238.