[Civ. No. 143.   Third Appellate District.—December 9, 1905.]

## In re CHARLES MYRTLE, on Habeas Corpus.

HABEAS CORPUS—REVIEW OF JUDGMENT—VALIDITY OF PLEADING.—The writ of *habeas corpus* cannot be invoked to review a judgment for any error committed in the exercise of jurisdiction, nor to review anything which is matter of defense; and it is only where a void complaint or information is alleged as the basis of a commitment, which of itself seems sufficient, that such complaint or information and all the record proceedings upon which the commitment depends will be examined into for the purpose of determining whether there is any legal ground for holding the petitioner.

ID.—CONVICTION FOR ROBBERY—DESCRIPTION OF OFFENSE—FELONEOUS STEALING—OWNERSHIP OF PROPERTY DESCRIBED—PLEA OF GUILTY—ABSENCE OF OBJECTION.—Where the petitioner was convicted of the crime of robbery upon a plea of guilty under an information to which no objection was taken in any manner, and which substantially charged the offense of robbery in the terms of section 211 of the Penal Code defining it, and also averred that the defendant "did willfully, unlawfully, and feloniously steal and carry away from the person and immediate presence of" the person robbed the property described, the information taken with the plea of the defendant establishes a case of robbery as completely as if it had been specifically averred that the person robbed was the owner of the property so taken, and the petitioner is not entitled to be discharged on *habeas corpus* for want of such specific averment.

APPLICATION for writ of *habeas corpus* to the warden of the state prison under commitment from the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

F. H. Thompson, for Petitioner.

J. D. Fredericks, District Attorney of Los Angeles County, C. C. McComas, Assistant District Attorney, and P. J. McCormick, Deputy District Attorney, for Respondent.

BUCKLES, J.—The defendant was arrested upon a warrant charging him with the crime of robbery committed January 18, 1902, upon a complaint, the charging part of which is in the following language: "Did willfully, unlawfully and feloniously take, steal and carry away from the person and

immediate presence of one E. F. C. Klokke one twenty-dollar gold coin of the United States, certain silver coins lawful and current money of the United States, of the value of two dollars, one hunting case stem winding gold watch and one gold and platinum link chain with gold locket attached, all of which said property was then and thereof the aggregate value of seventy-five dollars gold coin of the United States and in the possession of E. F. C. Klokke and was then and there so taken, stolen and carried away as aforesaid from the person and immediate presence of said E. F. C. Klokke against the will of said E. F. C. Klokke and which said taking was then and there so accomplished as aforesaid by means of force and fear used upon and against the person of the said E. F. C. Klokke by said Charles Myrtle.'' The defendant was duly held to answer upon said charge, and thereafter an information was duly filed against him, the charging part of which was exactly the same as that of the complaint before the committing magistrate above set forth. Upon this information the defendant was duly arraigned and pleaded guilty to the charge. He was thereafter, on February 7, 1902, brought before the court and by the court duly and fully informed of the nature of the information against him for the crime of robbery committed January 18, 1902, of his arraignment on said information, and of his plea of guilty, as charged in the information. He was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none, and, none appearing, the court sentenced him to the state prison at Folsom for life. He now brings this writ, asking this court to discharge him for the following reasons: 1. That the complaint and information are invalid, illegal, null, and void and of no effect, for the reason that they do not charge a public offense, or any offense known to the law; 2. That the judgment is void because the court had no jurisdiction over the person, place, and subject matter; 3. That he was deprived of his liberty without due process of law; 4. That the punishment he is undergoing is cruel and unusual.

When arraigned upon the said information, no demurrer or objection of any kind was interposed to said information, and at no time was there a motion in arrest of judgment, no motion for a new trial and no appeal of any kind taken. The defend-

ant, of course, knew, when he pleaded guilty, whether he had "willfully, unlawfully and feloniously" taken, stolen and carried away from the person and immediate presence of Klokke the goods mentioned in the information, and whether, if he did so take and steal them, the taking was accomplished by means of force and fear, and were we called upon to form any conclusion as to this, which we are not, we have the fact that the defendant suffered a deprivation of liberty for three years before making any move to be released from the state prison, and this contains the significant fact that it required just three years' time for the running of the statute of limitations so that if discharged on the writ he could not be again prosecuted for that robbery. The return to the writ sets forth that the prisoner is detained by the warden of the prison under a commitment of a competent court having power to imprison upon a conviction of a felony, and robbery is a felony. The return also sets forth the complaint on which the committing magistrate acted in causing the defendant's arrest in the first instance, being the foundation also of the commitment held to answer, and this complaint "constitutes the groundwork of the whole superstructure thereafter to be built thereon, and draws the lines which circumscribe the limits the prosecution can take." (*People* v. *Howard*, 111 Cal. 660, [44 Pac. 342].) The return also contains a copy of the information on which the petitioner was arraigned and pleaded guilty. As has been seen, the latter charges the same crime and in the same terms as the complaint, and therefore reference need be hereafter made to the information only. If the information does not charge the crime of robbery sufficient under a plea of guilty, neither does the complaint, and then the petitioner would not have been legally held to answer, and could not be legally proceeded against by information. (*People* v. *Howard*, 111 Cal. 660, [44 Pac. 342].)

Petitioner claims the information fails to allege that the $20, the $2, and the gold watch and chain, or any of them, were the property of anyone, and therefore, so far as appears from the information, this property may have been the property of petitioner. But I think, under the circumstances in this case, enumerated above, there could hardly arise a suspicion, much less a presumption, that any of such property

2 Cal. App.—25

belonged to petitioner. Section 211 of the Penal Code defines robbery as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear." Section 959 of the Penal Code provides that the information is sufficient if the offense is clearly and distinctly set forth in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. The petitioner is presumed to be of sound mind, and therefore of common understanding, and his plea of guilty shows that he did understand that he was charged with the crime of robbery, and, had he looked at section 211 of the Penal Code, he would have received no further information. The offense was described in the language of the code, with the addition of charging that he did, willfully, unlawfully, and feloniously, steal and carry away the property described. It is safe to say that the petitioner raised no objection to the information, because he did know and understood that he was charged with committing an offense of which his plea of guilty shows he knew he was guilty. Section 960 of the Penal Code is as follows: "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits." It is true that, if an information for robbery must in all cases allege ownership of the property in some one by saying in so many words "the property of ————," then such allegation is a matter of substance rather than of form. But it is certain the writ of *habeas corpus* cannot be invoked to review a judgment. (*Ex parte Cottrell*, 59 Cal. 422.) It is true that, where a void complaint or information is alleged as the basis of a commitment which of itself seems insufficient, such complaint or information and all the record proceedings upon which the commitment depends will be examined into for the purpose of determining whether there is any legal ground for holding the petitioner, but that anything which is a defense cannot be reviewed on *habeas corpus*. (*Ex parte Bird*, 19 Cal. 130; Pen. Code, sec. 1484.) As said in *Ex parte McCullough*, 35 Cal. 100: "Establish the doctrine that the judgments and orders of courts may be reviewed on *habeas*

*corpus*, upon the ground of error, and appeals for the correction of errors may be dispensed with in all cases in which the arrest or imprisonment of persons is allowed. Every criminal action, every civil action in which an arrest is given, and every proceeding for a contempt, could be brought to the supreme court (or the appellate courts) by writs of *habeas corpus*. Not only that, but, as already suggested, inferior tribunals would be called upon to review the judgments of superior tribunals, and tribunals of equal grade to interfere and review each other's proceedings. It is well settled that *habeas corpus* can be put to no such use, and that its functions, where the party who has appealed to its aid is in custody under process, do not extend beyond an inquiry into the jurisdiction of the court by which it was issued, and the validity of the process upon its face.'' (See cases cited.) The commitment on its face being free from objection, and no objection being made thereto, the serious question to be determined is: Did the superior court of Los Angeles county have jurisdiction to make such order of commitment?

In the case of *Ex parte Williams*, 121 Cal. 328, [53 Pac. 706], the petitioner was charged that ''by false and fraudulent promises and representations, did willfully, unlawfully, and fraudulently obtain credit for food and lodging at the boarding-house of Peter Gordon in said town, county, and state, to the extent of $48 in value; the said Dr. B. Williams did then and there willfully and unlawfully defraud said Peter Gordon out of such board and lodging to said value of $48.'' The petitioner was tried and convicted and sentenced and in his petition for writ alleges that the complaint charges no offense known to the law. The section of the Penal Code (section 537), under which the proceeding was had, reads as follows: ''Any person who obtains any food or accommodations at an hotel, inn, restaurant, boarding-house or lodging-house, without paying therefor, with intent to defraud the proprietor and manager thereof, or who obtains credit at an hotel, inn, restaurant, boarding-house, or lodging-house by the use of any false pretense, or who, after obtaining credit or accommodation at an hotel, inn, restaurant, boarding-house, or lodging-house absconds or surreptitiously removes his baggage therefrom without paying for his food or accommodations is guilty of a misdemeanor.'' Petitioner claimed that the complaint

was an effort to state an offense solely for the obtaining of credit by the use of false pretenses, and that the allegations were wholly insufficient for that purpose because of the failure to allege what the false pretenses were. In its rulings the court said: "While the inquiry on *habeas corpus* may extend to the question whether the complaint or information charges an offense known to the law, since this objection goes to the question of jurisdiction, the proceeding may not be made to subserve the office of a demurrer, and, if the facts alleged squint at a substantive statement of the offense, no matter how defectively or inartificially they may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments, the writ will not lie"—citing cases. And the court further holds that it appears from the complaint, "to a common certainty, that petitioner obtained food and lodging at the boarding-house of Peter Gordon, without paying for it and with the intention to defraud Gordon thereof. . . . Because a demurrer might have lain for duplicity, or uncertainty, or some other special ground, will not, as we have seen, avail the petitioner in- this proceeding." It will be observed that the court did in that case look into the information and determined that without demurrer it was good. It is doubtless true that a complete description of the crime of robbery includes an allegation of ownership of the property taken, or words which will at once indicate that such property is not the property of the robber, but in our opinion, in a case where the complaint and information charge that the defendant "did willfully, unlawfully and feloniously, steal, take and carry away, from the person and immediate presence of the person robbed certain personal property, describing it, and in the possession of (the person robbed) and was then and there stolen, taken and carried away as aforesaid from the person and immediate presence . . . against the will of the said . . . and which taking was then and there so accomplished as aforesaid by means of force and fear used upon and against the person of said," substantially describes the crime of robbery in the language of the code defining it, and. no objection being made by either demurrer or motion in arrest of judgment, the defendant cannot after sentence, and on a writ of *habeas corpus*. be heard to say that no of-

fense is charged. Of course it would be otherwise if no attempt
had been made to state any of the acts and facts constituting
robbery. We are firmly convinced the authorities support this
view.

The following cases were cited by petitioner as holding that
an information which does not allege ownership fails to state
the crime of robbery: *People v. Vice,* 21 Cal. 345. In that
case the indictment charged, "did violently and feloniously,
take money (describing it) from the person of another, to
wit, from the person of J. A. B. by force, threats, and intimi-
dations and against the will of the said J. A. B." There was
no demurrer, but, when the defendant was convicted, he
moved in arrest of judgment upon the ground that the in-
dictment did not charge that the property taken was not
the property of the defendant, or was the property of any per-
son other than the defendant. The motion was overruled,
the defendant sentenced, and appealed. The court held that
a failure to state ownership was a fatal defect, and says
further: "It is not necessary that the property should be-
long to the party from whose possession it was forcibly taken.
It is requisite, however, that it should belong to some other
person than the defendant." It will be borne in mind that
the indictment did not allege the stealing, but merely the
taking, and that there was an objection to the sufficiency of
the indictment. In *People v. Webber,* 138 Cal. 149, [70
Pac. 1089], the court said: "The Penal Code does not re-
lieve the prosecuting attorney from the necessity of inform-
ing the defendant with reasonable certainty of the nature and
particulars of the crime charged against him, that he may pre-
pare his defense, and, upon acquittal or conviction, plead his
former jeopardy against further prosecution." The defend-
ant was charged with burglarizing a railroad car and train
of the S. P. Company as the same was then prosecuting its
trip through Solano county, and did not designate the particu-
lar car in which the burglary was committed. The defendant
had demurred to the information on this ground. The de-
murrer was overruled, the defendant convicted, and appealed.
The court held that it was necessary to give the number of the
car, so that defendant might be able to defend against the
charge of burglarizing a particular car. *People v. Lee,* 107
Cal. 477, [40 Pac. 745], was an appeal by the people from an

order sustaining defendant's demurrer to the information charging a violation of the election laws. The court says: "Criminal proceedings, it is true, have been much simplified by the codes, and many offenses may now be charged in the strict language of the statute. Nevertheless, there are certain fundamental principles which have neither been abrogated nor modified. A defendant is still entitled to be apprised with reasonable certainty of the nature and particulars of the crime charged against him, that he may prepare his defense, and, upon acquittal or conviction, plead his jeopardy against further prosecution." *People* v. *Ward,* 110 Cal. 369, [42 Pac. 894], is a similar case. But in these cases the court held the demurrer was not well taken, and reversed the judgment of the lower court. In the case at bar the petitioner was informed he had stolen, taken, and carried away from the possession and immediate presence of one Klokke certain gold and silver money, a watch and chain, and that such theft was against the will of Klokke and accomplished through force and fear, and from this the petitioner knew full well and understood perfectly that he had stolen said property from Klokke in a way that made it robbery, all of which is evidenced by his plea of guilty. Under the circumstances, he could have successfully maintained a plea of once in jeopardy should another prosecution be attempted for the same thing.

Petitioner relies upon the case of *People* v. *Ammerman,* 118 Cal. 23, [50 Pac. 15]; the opinion having been written by Commissioner Chipman, now a member of this court. The information in that case was as follows: "Did willfully, unlawfully and feloniously take personal property [describing it] from the person and possession of one Richard Johnson, said taking by said Ammerman, as aforesaid, being there and then accomplished by means of force." The defendant had pleaded "not guilty," and no demurrer had been interposed. A jury was called and duly impaneled, and duly sworn to try the case, the clerk had read the information and stated the defendant's plea to the jury, when the judge called the district attorney to him and, after a few moments' conference, a recess for a half hour was taken and when the court again assembled the jury was present, the defendant and his counsel were in court, the statement was then made (presumably by the district attorney): "That the information was wholly

defective in that it did not allege the ownership of the property stolen," and the court being satisfied ordered the information dismissed. The district attorney at once commenced a new proceeding, filed a complaint in the justice's court charging defendant with the same taking, and alleged therein that the property taken was the property of Richard Johnson, and when the defendant was examined and held to answer thereon the district attorney filed a new information charging the crime of robbery and alleging the ownership of the property as in the complaint. On arraignment the defendant pleaded not guilty and once in jeopardy, a trial was had, he was convicted, and appealed on numerous grounds, among which was his plea of having once been in jeopardy for the same offense. The court says: "Jeopardy attaches where a party is once placed upon trial before a competent court and jury, upon a valid indictment, to which he cannot be again subjected. . . . The information here was not a valid information, and there was no jeopardy." Upon the suggestion being made to the commissioner who wrote the opinion in that case, "That an indictment is sufficient if it describes the offense charged in the language of the statute," he replied: "I do not understand that our court intends to hold that, where a fact must be stated in an information in order to charge an offense, it may be omitted from the information where the statute is silent as to the fact. The ownership of the property in some person other than the accused is deemed to be as essential in making out the crime of robbery as any other element of the offense expressed in the statute, and must be regarded as within the legislative intent in denouncing the crime, and therefore it cannot be said that the information here falls within the rule above stated." The doctrine as thus announced, and as applied to that case is correct, for there the information did not charge stealing, but merely alleged "did willfully, unlawfully and feloniously take" the property described. As I understand it, robbery is where a person, either with violence or with threats of injury, and putting the person robbed in fear, takes and carries away a thing which is on the body, or in the immediate presence of the person from whom it is taken, under such circumstances that, in the absence of violence or threats, the act committed would be a theft. In the Ammerman case the taking of the property

might have been for some other purpose, for the language
of the information does not intimate that the object was to
steal it any more than the mere naming the crime "robbery"!
might tend to indicate a theft, and there being no allegation
of ownership and no words used by which any inference could
be drawn of ownership in other than the defendant, except
the mere possession Richard Johnson had of the money taken
by Ammerman at the time. We think the decision in that
case was correct.

But in the case at bar a very different state of facts exists.
The information here charges petitioner with "did steal, take
and carry away," and he comes into court and by his plea
of guilty says, "Yes, I did steal, take and carry away the
coin and watch mentioned in information, and I did it by
force and fear." His declaring he stole this property is, for
the purpose of enabling the court to sentence him, equivalent
to saying it was not the property of the accused. The owner-
ship of Klokke was not disputed but virtually admitted by
the plea of guilty. Repeating, petitioner certainly admits
thereby that he is not the owner of the property he took
from Klokke, and that is as far as he is interested in the
ownership. The information has all the elements of robbery
alleged in direct and positive terms, with the one exception
of direct ownership, and that petitioner supplied in a negative
way—that is, that he was not the owner—by his plea of guilty.
In the case of *People* v. *Cleary,* 1 Cal. App. 50, 81 Pac. 753,
the information was as follows: "Did willfully, unlawfully,
and feloniously take from the person and possession of Peter
Cadloni seventy dollars in gold and silver, . . . which said
taking as aforesaid . . . was then and there without the con-
sent and will, and was then and there against the will of said
Peter Cadloni, and was then and there accomplished by means
of force. . . . " The defendant pleaded not guilty, was tried,
and convicted, and when brought before the court for sentence
moved in arrest of judgment on the ground that the informa-
tion did not charge that the property taken was not the prop-
erty of the defendant. The motion was granted, and the peo-
ple appealed, and the judgment of the lower court was affirmed
because there was absolutely nothing to show the $70 taken
was not the property of the defendant. We reiterate all that
was said in this opinion of *People* v. *Cleary* as applied to the

facts in that case and in all cases of like character, where there is a plea of not guilty and a motion in arrest of judgment, and we still maintain that in all cases of robbery it must appear either from the language of the information or the plea of the defendant that the property taken is not the property of the defendant. And we repeat the information which states that petitioner "did willfully, unlawfully and feloniously steal, take and carry away," with the other allegations there found, and petitioner's plea of guilty establishes a case of robbery as completely as if the information had used these words, "then and there the property of the said E. F. C. Klokke."

Writ denied, and prisoner remanded.

Chipman, P. J., and McLaughlin, J., concurred.