## STATE v. JENSEN.

No. 5423. Decided May 10, 1934. (30 P. [2d] 203.)

*J. Vernon Erickson,* of Richfield, for appellant.

*Joseph Chez,* Atty. Gen., for the State.

FOLLAND, J.

From a verdict of conviction and sentence for the crime of grand larceny defendant appeals. The district attorney filed an information charging defendant and another as follows:

"That the said Orlando Jensen and Hans Jensen, on or about the 8th day of August, A. D. 1932, at and within the County of Sevier, State of Utah, did willfully, unlawfully and feloniously, steal, take, lead, carry and drive away personal property from the possession of Lester Jensen, against the will and without the consent of the said Lester Jensen, the following described personal property, to wit: 1 calf; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Utah."

To this information both defendants pleaded not guilty. They requested and were given separate trials. After a jury was impaneled and a witness sworn, defendants' attorney

objected to the introduction of any evidence on the ground the information failed to state facts sufficient to constitute a felony or any public offense in that it failed to allege ownership of the property alleged to have been stolen. The district attorney thereupon, and before ruling by the court, asked leave of court to amend the information, which leave was granted over objection by defendants. The information was amended to charge that defendants "did willfully, unlawfully and feloniously, steal, take, lead, carry and drive away the personal property of Lester Jensen," etc.

After amendment defendant moved for a continuance of the case until next term of court because "defendant was not prepared for trial at this time." This motion was denied, and defendant then asked for 24 hours' time in which to plead to the amended information. The court stated the statute authorized the court to grant such reasonable time as might be necessary for defendant to meet the new matter in the information, but he said, "I hardly think it implies the necessity for a new case." The court directed the plea already entered to stand as to the amended information and denied the motion for time to plead. No showing was made or reason given why the trial should not proceed forthwith, other than as above set forth.

As grounds for reversal appellant argues the court erred: (1) In permitting the amendment to the information after plea; (2) in denying to defendant time within which to plead to the amended information; and (3) denying defendant's motion for a new trial.

The information as originally filed was fatally defective, in that it did not allege ownership of the property taken. This is an essential element of the crime of grand larceny as defined by statute. R. S. Utah 1933, § 103-36-1. It was therefore necessary, in order to charge such crime, that the information contain an averment that the property, alleged to have been stolen, belonged to some one other than the defendant, and to directly allege such ownership. 17 R. C. L. 60; 2 Wharton Cr. Pr. (10th Ed.)

1212; 2 Wharton Cr. Law (12th Ed.) 1535, 1491. Ownership must be alleged directly and not by way of inference. It is not sufficient to merely charge the property was taken "from the possession of" another. 36 C. J. 831; *State* v. *Ellis,* 119 Mo. 437, 24 S. W. 1017; *Maddox* v. *State,* 14 Tex. App. 447; *Hughes* v. *State,* 74 Miss. 368, 20 So. 838; *People* v. *Hanselman,* 76 Cal. 460, 18 P. 425, 9 Am. St. Rep. 238. While the amendment was one of substance it did not change the nature of the crime involved. The district attorney, by the original information, intended to charge grand larceny, and it is grand larceny which is charged in the amended information. The amendment was germane to the offense charged in the complaint filed before the magistrate wherein the element of ownership of the property in Lester Jensen was properly alleged. It is not now contended that the amended information charged a different or other offense than the one on which defendant was bound over to the district court by the committing magistrate. Such an amendment, by leave of court, is authorized by statute. R. S. Utah 1933, § 105-17-3; *State* v. *Broeder,* 90 Mo. App. 156.

After the information was amended to charge, for the first time, the crime of grand larceny, the court should have arraigned the defendant and granted him time to plead, as he did not waive such right, but demanded the time granted him by statute. Where an information is amended so as to state for the first time a public offense, it is the equivalent of a new information requiring arraignment of defendant and his plea thereto. Otherwise no issue is joined. 16 C. J. 389; 31 C. J. 828; 14 R. C. L. 193; *Bohannan* v. *State,* 11 Okl. Cr. 69, 142 P. 1092; *McKay* v. *State,* 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.) 714, Ann. Cas. 1913B, 1034; *State* v. *Kusel,* 29 Wyo. 287, 213 P. 367; *People* v. *Moody,* 69 Cal. 184, 10 P. 392. There is in the statute authorizing amendments after plea or during trial (R. S. Utah 1933, § 105-17-3) no specific requirement for arraignment or plea after amendment in matter of substance, neither is there any language which requires or permits the court to

disregard the plain mandate of other provisions of the statute providing for arraignment and plea and granting to a defendant at least 24 hours' time after being confronted with the charge against him within which to plead thereto. R. S. Utah 1933, § 105-22-15.

After the plea is taken, the court, on demand and showing, may then grant a reasonable time to the defendant in which to prepare for trial or meet the new matter in the new or amended information, pursuant to provisions of R. S. Utah 1933, § 105-22-15. This decision is limited to a situation where the original information failed to state a public offense and on amendment after plea or during trial states for the first time a public offense. That is the only case before us.

Under statutes similar to ours, formal or certain substantial amendments may be made after plea or during trial without requiring arraignment and new plea. *State* v. *Rickenberg,* 58 Utah 270, 198 P. 767; *Collins* v. *People,* 69 Colo. 353, 195 P. 525; *Davis* v. *State,* 4 Okl. Cr. 508, 113 P. 220; *State* v. *Walton,* 255 Mo. 232, 164 S. W. 211; *People* v. *Arnest* (Cal. App.) 23 P. (2d) 812; *Rich* v. *State,* 46 Okl. Cr. 242, 284 P. 903.

The verdict and sentence are set aside and annulled, and the cause remanded to the district court of Sevier county for further proceedings in accordance with the views herein expressed.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.