[Crim. No. 465.   Fourth Dist.   July 15, 1941.]

THE PEOPLE, Respondent, v. EARBY PRICE, Appellant.

Hervey & Holt for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on defendant after his conviction of the crime of grand theft.

Defendant argues as his sole ground for reversal of the judgment that the information filed against him does not state facts sufficient to constitute a public offense. He did not question the sufficiency of the information in the trial court.

The charging part of the information is as follows:

"Earby Price is accused by the District Attorney of the County of San Diego, State of California, by this information of the crime of grand theft from the person committed as follows: The said Earby Price on or about the 14th day of February, 1941, at the said County of San Diego, State of California, and before the filing of this information did then and there wilfully, unlawfully and feloniously take from the person of one Burdette Cleary, a yellow gold mans' Gruen wrist watch, $60.00 in lawful money of the United States, a check for $600.00 lawful money of the United States, and a check for $30.00 lawful money of the United States."

It should be observed that it is not alleged that the stolen property was "the personal property of another" which is part of the definition of the crime of theft. (Sec. 484, Penal Code.) Thus, we have here an example of very careless pleading which would have required a reversal of the judgment prior to the amendments of section 952 of the Penal Code in 1927 and 1929. (See *People* v. *Hanselman,* 76 Cal. 460 [18 Pac. 425, 9 Am. St. Rep. 238] ; *People* v. *Ammerman,* 118 Cal. 23 [50 Pac. 15] ; *People* v. *Cleary,* 1 Cal. App. 50 [81 Pac. 753] ; *People* v. *Sing,* 42 Cal. App. 385 [183 Pac. 865].)

The Attorney General relies on such cases as *People* v. *Covington,* 1 Cal. (2d) 316 [34 Pac. (2d) 1019], and *People*

v. *Dozier*, 35 Cal. App. (2d) 49 [94 Pac. (2d) 598], to support the sufficiency of the information. Those cases hold that the allegation that the stolen property was the property of another, which was omitted from those pleadings, did not render them fatally defective. Those were cases of robbery, which crime consists of taking personal property in the possession of another from his person or immediate presence by means of force or fear. (Sec. 211, Penal Code.) Thus one element of that offense is the breach of the right of possession, not of the ownership of personal property. It follows that decisions in robbery cases are not very helpful here.

██ Section 952 of the Penal Code was passed to simplify pleadings in criminal cases and to remove many technicalities formerly required in them. It is there provided that the statement of the offense may be '' . . . in any words sufficient to give the accused notice of the offense of which he is accused . . . '' The various provisions of the section are permissive and directory and not mandatory. They do not direct what must be alleged in a pleading but indicate rather broadly the form a pleading may follow.

██ A reading of the transcript demonstrates that defendant suffered no prejudice from the form of the pleading. He knew the exact offense of which he was accused. Evidence that the stolen property belonged to Cleary was received without objection. There is no contrary evidence and defendant claimed no interest in it. It would be a travesty on justice to reverse the judgment because of the carelessness on the part of the pleader in omitting the allegation that the stolen property was ''the personal property of another.''

██ Further, the information alleges that the stolen property was taken ''from the person of one Burdette Cleary.'' This is a sufficient allegation that the stolen property was in the possession of Cleary at the time of its taking. In discussing this same subject in *People* v. *Brunwin*, 2 Cal. App. (2d) 287 [37 Pac. (2d) 1072], at page 297, it was said:

''It is an essential element of the crime of larceny that the thing which is taken and carried away shall be the property of another. (18 Am. & Eng. Ency. of Law, 2d ed., p. 498.) But the exact status of the legal title to the property need not be meticulously alleged in the pleading which charges the commission of the offense. 'Considered as an element of larceny, ''ownership'' and ''possession'' may be regarded as

synonymous terms; for one who has the right of possession as against the thief is, so far as the latter is concerned, the owner.' (*People* v. *Edwards,* 72 Cal. App. 102, 116 [236 Pac. 944, 950].)· It is, after all, a matter of no concern to a thief that legal title to the stolen property is not in the complainant. (*People* v. *Edwards, supra.*) It is essential that the pleading which charges the commission of the crime of larceny shall contain an averment that the property which is the subject of the offense is not the property of the defendant. (*People* v. *Nunley,* 142 Cal. 105 [75 Pac. 676]; *People* v. *Sing,* 42 Cal. App. 385, 395 [183 Pac. 865].) 'Possession alone, as against the wrongdoer, is a sufficient interest to justify an allegation and proof of ownership in a prosecution for larceny.' (*People* v. *Kirsch,* 204 Cal. 599, 602 [269 Pac. 447, 449].)''

Further, this is a case, if one can be found, where we should apply the provisions of section 4½ of article VI of the Constitution that ''No judgment shall be set aside, or new trial granted in any case . . . for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

The evidence demonstrates the guilt of defendant beyond the possibility of doubt. His own evidence when called as a witness in his own behalf is more than sufficient to demonstrate his guilt.

Defendant with three youths and two young girls had been out on a drinking party. They picked up Cleary, who also had been drinking, at the corner of Ray Street and University Avenue in San Diego, at about one o'clock on the morning of February 14th, 1941. Cleary bought the young people a quart of whiskey. The automobile was driven to a spot on Florida Street near a canyon. Defendant charged Cleary with undue familiarity with one of the girls and admitted striking him twice. Cleary was forced from the automobile and cruelly beaten. His injuries included a broken jaw bone. After the beating he was thrown or rolled through brush to the bottom of the canyon. His personal property remained with some of the young men though defendant denied taking any of it from Cleary's possession. He admitted that in his presence the currency and the checks were taken from Cleary's billfold which was thrown away. He admitted that the thirty-

dollar check was cashed by one of the other men at a service station near Oceanside and that he was given five dollars of the money obtained in this manner.

This evidence forces the conclusion that the error in the pleading has resulted in no miscarriage of justice.

The judgment is affirmed.

Barnard, P. J., and Kelly, J., *pro tem.*, concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1941.