## PEOPLE v ALFAZO WILSON

Docket No. 61220. Submitted September 14, 1982, at Detroit.—Decided December 21, 1982. Leave to appeal denied, 417 Mich 1051.

Alfazo Wilson was convicted, on his plea of guilty, of larceny by trick, Detroit Recorder's Court, Michael J. Talbot, J. An undercover police officer posing as an armed services recruit gave money to the defendant for safekeeping. The defendant was originally charged with obtaining property by false pretenses. The court granted the defendant's motion to quash the information charging him with obtaining property by false pretenses but allowed the prosecuting attorney to add a count of larceny by trick, to which the defendant pled guilty. The defendant appeals. *Held:*

The defendant's conviction should be reversed. The offenses of larceny by trick and obtaining property by false pretenses both require that the victim rely upon the offender's misrepresentations of fact. It is the victim's intent to part with both title and possession that distinguishes the crimes of obtaining property by false pretenses from larceny by trick. The trial court found that the undercover police officer did not rely on the defendant's misrepresentation when he gave money to the defendant.

Reversed.

N. J. KAUFMAN, J., dissented. He would affirm the defendant's conviction. He believes that, when a police officer sets a trap to catch a thief, his actions should not constitute consent for purposes of a defense to the crime of larceny if the criminal design originated with the accused and the officer did not suggest the design or actively urge the commission of the crime. The officer's merely exposing the property under the expectation that the accused would take the property should not amount to consent.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 490.
[2] 50 Am Jur 2d, Larceny §§ 7, 27-29.
[3] 50 Am Jur 2d, Larceny §§ 27-29, 139.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — JURISDICTIONAL DEFECTS.

A plea of guilty does not waive jurisdictional defects in the proceedings.

2. LARCENY — FALSE PRETENSES — LARCENY BY TRICK.

The crime of larceny by trick is the receiving of a victim's property by virtue of a misrepresentation of fact which induces the victim to voluntarily relinquish possession of the property while the crime of obtaining property by false pretenses is the receiving of a victim's property by virtue of a misrepresentation of fact which induces the victim to voluntarily relinquish both possession and title; both offenses require that the victim rely on the misrepresentation of the offender (MCL 750.218, 750.356; MSA 28.415, 28.588).

DISSENT BY N. J. KAUFMAN, J.

3. LARCENY — CONSENT.

*An alleged victim's consent to the taking of possession of his property constitutes a defense to the crime of larceny; an alleged victim should not be found to have consented to the taking of his property where the criminal design originates with the accused and the victim does not suggest the design or actively urge the commission of the crime and the mere fact that the victim, suspecting the accused, exposes the property or neglects to protect the property under the expectation that the accused will take the property should not constitute consent although the victim appears to cooperate in the execution of the crime (MCL 750.356; MSA 28.588).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: R. M. MAHER, P.J., and N. J. KAUFMAN and WAHLS, JJ.

PER CURIAM. Defendant pled guilty to larceny by

trick. MCL 750.356; MSA 28.588. He appeals by right.

On various occasions, an individual apparently posed as a runner for a Detroit hotel and bilked some armed forces recruits out of the money, telling them he must take it for safekeeping. An undercover police officer, assigned to discover the perpetrator of this scam, was among those recruits when defendant made his pitch for their money. Once the officer and the recruits had enclosed their money in an envelope for defendant, the officer arrested him.

Although the defendant contends that his guilty plea lacked a factual basis, the plea in fact presents a jurisdictional defect. A claim as to a jurisdictional defect is not waived by a guilty plea. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *cert den* 429 US 951 (1976).

The defendant was originally charged with obtaining property by false pretenses. The trial court, however, granted the defendant's motion to quash the information for failing to allege facts sufficient to support the charge. The trial court found—and both parties agreed—that the undercover agent did not rely on the defendant's misrepresentations in turning over his money. Because such reliance is an element of the offense of obtaining property by false pretenses, the court quashed the information. Nevertheless, the court allowed the people to add a count of larceny by trick, later accepting the defendant's plea to that charge.

The trial court and the parties apparently believed that, while an element of the crime of obtaining property by false pretenses, reliance is not necessary to the offense of larceny by trick. Although these two offenses are distinct, both

require that the victim part with his property in reliance on the defendant's misrepresentations. See *People v Long,* 409 Mich 346, 350-351; 294 NW2d 197 (1980). The distinction between the two offenses is stated in *People v Martin,* 116 Mich 446, 450; 74 NW 653 (1898):

"If, by trick or artifice, the owner of property is induced to part with the possession to one who receives the property with felonious intent, the owner still meaning to retain the right of property, the taking will be larceny; but if the owner part with not only the possession, but right of property also, the offense of the party obtaining the thing will not be larceny, but that of obtaining the goods by false pretenses."

The victim's intention to part only with possession of his property—not his failure to rely on the defendant's misrepresentations—converts the offense of false pretenses into larceny by trick. Both require reliance. The trial court found that the officer did not rely on the defendant's misrepresentations when he turned over the money. We see no reason to disturb the court's finding. Obviously, the undercover officer, aware of the defendant's ploy, was not "tricked" by the defendant. After this ruling the people could have proceeded no further with their prosecution of larceny by trick because, as a matter of law, the people could not have established all the elements of that offense. Accordingly, we reverse the defendant's conviction and order him discharged.

Reversed.

N. J. KAUFMAN, J. *(dissenting).* When a police officer sets a trap to catch a thief, do his actions negate the nonconsent element of larceny? This question has never been directly addressed in Michigan, but other jurisdictions have answered it.

Their decisions are concisely summarized in 50 Am Jur 2d, larceny, § 139, pp 317-318:

"Closely related to entrapment as a defense to larceny is a showing of consent to the taking by the owner or person from whose possession the goods are taken. Since want of consent by the person in possession of property is an essential element of larceny, his instigation of or consent to the felonious taking of his property negatives such element and constitutes a defense to a prosecution for the crime. One who seeks to entrap another in the commission of larceny must take care that in his efforts he does not overreach himself and consent to the taking of his property. Where the owner, in person or by his duly authorized agent, originates the criminal design and actively urges, co-operates with, and assists the defendant in the taking of the goods, such conduct amounts to a consent, and the element of trespass essential to larceny is lacking. Moreover, at least under some circumstances, the mere fact that the plan for obtaining the property was wholly or partly that of the accused is not controlling. Where the owner of property, by himself or through his agent, actually or constructively aids in the commission of the offense, as intended by the wrongdoer, by performing or rendering unnecessary some act in the transaction essential to the offense, the would-be criminal is not guilty of all the elements of the offense. *On the other hand, if the criminal design originates with the accused, and the owner or his agent or servant does not suggest the design or actively urge the commission of the crime, the mere fact that the owner, suspecting the accused, in person or through his servant or agent exposes the property, neglects to protect it, or furnishes facilities for the execution of the criminal design, under the expectation that the accused will take the property or avail himself of the facilities furnished, will not amount in law to a consent, although the agent or servant, by the instructions of the owner, appears to co-operate in the execution of the crime.* (Emphasis added; footnotes omitted.)[1]

---

[1] See, *e.g.*, *People v Hanselman*, 76 Cal 460; 18 P 425 (1888);

I believe this position is the better one. I would adopt this view as Michigan law and affirm the conviction.[2]

---

*Topolewski v State,* 130 Wis 244; 109 NW 1037 (1906); *Williams v State,* 55 Ga 391 (1880).

[2] I do not view this rule as a modification of the law of entrapment. Entrapment is a separate issue not raised by the defendant.