## J. E. LAROE V. THE STATE.

### *No. 3881.   Decided November 18.*

1.  **Obstructing Public Road—Information.**—By article 405, Penal Code, it is made an offense for any person to willfully obstruct "any public road *or* highway." An information, drawn under this article, which charged the obstruction of a "public road *and* highway," is not obnoxious to the objection that it charges two separate and distinct offenses.

2.  **Information—Count—Distinct Offenses.**—Where several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged conjunctively in the same count of the indictment or information.

3.  **Same—Evidence.**—Defendant offered in evidence the records of the court to show where the public road had been originally established by the Commissioners Court, which evidence was rejected by the court, because the order referred to had subsequently been rescinded by the court.   *Held*, that the court erred in rejecting this evidence, because it tended to prove one of the main issues in the case, which was the identity of the road obstructed, and further tended to show, in connection with other evidence, that there was no public road at the point claimed to be obstructed.

4.  **Same — Evidence — Willful Obstruction.** — Where defendant's evidence showed that previous to his obstruction of the road he was informed by the party who laid said road out that he laid the road out without any authority, *held*, that it was error to refuse to permit defendant to prove these facts by said party, because said evidence was admissible on the question of willfulness.

5.  **Same.**—See a state of facts held to be insufficient to establish a willful obstruction of a public road.

APPEAL from the County Court of Kaufman.   Tried below before Hon. John Vesey, County Judge.

Appellant was convicted of willfully obstructing a public road, and fined in the sum of $10.

The facts of the case are sufficiently stated in the opinion of the court.

*J. D. Cunningham*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—By information appellant was charged with willfully obstructing a public road and highway.

Appellant moved to quash this information, because it charged two distinct offenses.   Article 405 of the Penal Code provides: "If any person willfully obstructs   *   *   *   any public road or highway,   *   *   *   he shall be fined not exceeding $500."   The information was drawn under this article of the code.   Where several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged conjunc-

tively in the same count, or they may be charged in the same indictment in separate counts. Howell v. The State, 29 Texas Ct. App., 592; Day v. The State, 14 Texas Ct. App., 26; Willson's Crim. Stats., sec. 1989, for collated authorities. The motion was properly overruled.

Appellant offered in evidence minutes of the Commissioners Court appointing a jury of review to lay out and define public roads from Kaufman, leading in the direction of Van Zandt County line, the report of the jury, and the adoption of this report. The State's counsel objected to the introduction of this evidence, because the order establishing the said road had been rescinded by the court, and in support of this objection introduced the order of rescission. The objection was sustained, and appellant excepted. The court erred in excluding this evidence.

The road alleged to have been obstructed is sought to be identified as the original road, and the defendant was seeking to show that the original road was changed by the said order. Whether these roads are one and the same road is one of the main issues of this case. It is not disputed that the road as originally traveled is some distance south of the road described in the information, and that by various mutations it has been changed to the present *locus in quo;* but it is claimed by the State that the present road is but a successor of the original one, and therefore the same road. The rejected evidence would have established the road as therein described.

The road obstructed is claimed by the State to be the original road. Defendant sought to prove by the said order that the road had been changed by the Commissioners Court. The State's position was contested by appellant. The evidence shows that the obstructed road is some distance removed from the line of the old road as it originally ran. The rescission by the court of the order establishing the road sought to be proved by appellant as laid out by the jury of review could not establish the road alleged to have been obstructed. As to whether or not this order could re-establish the old road it is unnecessary to discuss. If it did not re-establish that road, such failure to do so would not constitute the road alleged to be obstructed a public road. Nor is it necessary to discuss the legality of the order of rescission in order to decide the question involved in rejecting the offered testimony. If the order of rescission was valid and legal, it certainly abolished the road established by virtue of the order which it rescinded. If it is not valid nor legal, then the road as established by the court would be the public road. In neither event could either of said orders create a road at the point where appellant placed his fence, because neither the original road nor the one established by the court touched the point of obstruction. The evidence was admissible, because it tended to show, in connection with other facts, that there was no public road at this point of obstruction.

In this connection appellant offered to prove by Erwin that prior to the time he built his fence across the road charged to have been obstructed he informed appellant that he (Erwin) had laid out the said road without an order of the court. This testimony was also admissible as bearing upon the question of willfulness of the defendant in fencing across the road. Erwin testified, as a fact, that he did open the said road of his own volition and upon his own motion. If the appellant believed as a fact that the road was not a public road, he would not be guilty of obstructing it. If Erwin was the author of the road over appellant's land, it would hardly be contended that the road was a lawful one.

The court also erred in not permitting appellant to prove by Morrow that he (defendant) left a road sixty feet in width around his lands when he built the fence complained of.

The appellant contends that the facts are not sufficient to support the conviction. Briefly stated, the facts show that about thirty or forty years ago, when the country was open and the lands uninclosed, the public traveled along or near the point of obstruction, and have continued to do so until the present time. It was the line of travel to Van Zandt County. It was an open prairie country, and there were no barbed-wire fences to be seen at that time along the route of travel. The country was open, and the people in traveling this road spread over considerable space of territory, and were not fettered by narrow lines of road-way. The road ran originally several hundred yards south of where appellant's fence now stands. There is a creek near there, over which the traveling public had to cross. At times this creek became full of water from excessive rain, and would occasionally destroy the banks at the place of crossing, so that it could not be crossed there, and another point would be selected at which to cross. Whenever this place of crossing was changed, the road would also be changed to correspond therewith. This process of changing has continued through all these years, until the road now crosses the creek several hundred yards north of the point it originally crossed it. Finally bridges were resorted to as a means of passing the little stream. This, however, did not have the effect of permanently locating the road. The road continued to migrate northward, and as it did so the bridges were built to accommodate this condition of affairs. Adjacent landowners would inclose their land, and the travel would continue along this inclosure until the next proprietor would inclose his land, when the process would be repeated. When this was done, a crossing or bridge would be prepared at some convenient place, and the public would use it until another fence would cut them off from it. The overseers appointed by the court would summon the allotted hands, and work the road as at the time traveled by the public. Erwin, when overseer, located a road to suit himself, and thereafter worked it and

kept it in repair while in office. This was the road that appellant built his fence across.

To settle this uncertain state of things the Commissioners Court established a road by metes and bounds, and entered an order to that effect. For some reason, doubtless of sufficient magnitude to the mind of the court, said order was rescinded at a subsequent term of the court, and the road established by that order was discontinued, and none substituted in its place, so far as the record discloses. This state of facts is shown by the rejected evidence.

While there is a mass of testimony, and a great deal of it useless repetition, there are one or two facts conclusively proved. It is placed beyond dispute that the road as originally traveled was some distance south of the point where appellant's fence was built; and it is equally certain that the road obstructed is not the road as originally traveled, but is a road laid out by one Erwin of his own motion, and without authority of law or order of the court, and it is fairly certain that during the past thirty years or more there has not been any fixed locality of the road in question, that it has migrated during all these years from one point to another, and has covered a territory during that time ranging from defendant's fence south for about four hundred yards.

Again, the evidence does not show that the appellant "willfully" obstructed the road. This must be done in order to constitute the offense charged. Penal Code, art. 405; Howell v. The State, 29 Texas Ct. App., 592; Meers v. The State (Texas Ct. App.), 16 S. W. Rep., 653; Parsons v. The State, 26 Texas Ct. App., 192; Sneed v. The State, 28 Texas Ct. App., 56. There are other questions raised we have deemed it unnecessary to discuss. They will not arise in another trial, we think. Because the evidence does not support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

White, P. J., absent.