Decided 12 June, 1899.

### FRY v. HUBNER.

[57 Pac. 420.]

1. Appeal — Sufficiency of Complaint.—The supreme court will sustain a judgment entered in favor of defendant notwithstanding the verdict, where it appears that the complaint does not state facts sufficient to constitute a cause of action, though the objection is raised for the first time in the appellate court, and the trial court based its judgment on another ground.

2. Pleading—Trespass on Unfenced Land.—A complaint for trespass on uninclosed land in a portion of the state to which the fence law applies, which alleges that defendant knowingly, wilfully, wrongfully, and unlawfully herded a band of sheep upon plaintiff's land without his consent, and against his will, does not state a cause of action : *Walker* v. *Bloomingcamp*, 34 Or. 391, followed.

3. Right to Costs.—Costs follow the judgment regardless of the reason for its rendition; thus, where an appeal was taken from a justice's court to the circuit court and the case there dismissed, the successful party is entitled to costs and disbursements regardless of the reason for the dismissal.

From Grant : Morton D. Clifford, Judge.

Action of trespass brought by T. L. Fry against Joseph
Hubner.    From a judgment in favor of defendant, plain-
tiff appealed.                                    AFFIRMED.

For appellant there was a brief over the name of *Dus-
tin & Wood*, with an oral argument by *Mr. M. Dustin.*

For respondent there was a brief over the name of
*Hicks & Cattanach.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action of trespass, commenced in the Jus-
tice's Court for District No. 12, Grant County, Oregon.
The complaint alleges, in substance, that plaintiff is en-
titled to, and is in the possession of, certain real property
described therein ; "that, on divers and sundry days and
times between the tenth day of December, 1897, and the
date of the commencement of this action defendant know-
ingly, wilfully, wrongfully, and unlawfully permitted his
band of sheep to be herded, and knowingly, wilfully,
wrongfully, and unlawfully did herd and cause to be
herded defendant's said band of sheep, upon the above-
described real estate of the plaintiff, without the consent
of plaintiff, and against plaintiff's will," to his damage
in the sum of $200.    The answer consists of specific de-
nials of the allegations of the complaint.    Judgment be-
ing for plaintiff, the defendant appealed, and upon trial
in the circuit court plaintiff secured a verdict, whereupon
the defendant moved for a judgment in his favor, and
that said cause be dismissed, notwithstanding the ver-
dict, upon the ground that the justice's court had no
jurisdiction of the cause, as appeared from the pleadings.
The motion was allowed, and, judgment having been en-
tered dismissing the action, and taxing the costs against
the plaintiff, he has appealed to this court.

1. It is objected here for the first time that the complaint does not state facts sufficient upon which to base a cause of action, and we are impressed that the objection is well taken. The question is one that may be raised at any stage of the proceedings, whether in the justice's, circuit, or in this court, and hence, although the circuit court may have based its reasoning for the allowance of the motion for judgment notwithstanding the verdict upon the ground that the justice was without jurisdiction, yet, nevertheless, if the objection that the complaint does not state sufficient facts is well taken, it should be sustained.

2. The case of *Walker* v. *Bloomingcamp*, 34 Or. 391 (43 Pac. 175, 56 Pac. 809), is decisive of the controversy. The complaint in this instance is but little more explicit than in that case, and it was there held that the complaint was insufficient to support the action. The word "knowingly," and the expression "without the consent of plaintiff and against plaintiff's will," are used here in addition to the language employed in the case referred to ; but we cannot conceive that this additional matter is sufficient to overcome the objections there urged. "Wilfully" is the equivalent of "knowingly," hence, the use of the latter term additionally can have no special significance. Nor does the further allegation just alluded to help the complaint, and obviate the objection. In *Walker* v. *Bloomingcamp*, it was said : "It is true, the complaint alleges that the sheep were unlawfully and wilfully herded and permitted to be herded upon the land ; but this amounts to nothing more, in effect, than an averment that the defendants suffered their sheep, in charge of the herder, to graze and pasture upon the uninclosed land of the plaintiff." And this was considered to be the gist of the complaint. So it is here, and it amounts to nothing more than an allegation that the

plaintiff suffered his sheep, in charge of a herder, to range or graze and pasture upon plaintiff's uninclosed land, against his will and consent. There is no allegation that the defendant was cognizant of the locality of plaintiff's property, or that he purposely drove the sheep upon it, or intentionally retained and held them there, with the especial object of depasturing plaintiff's land. While it might have been contrary to the wishes of plaintiff that sheep should be allowed to range over his lands, yet the mere fact that they did so range in charge of a herder does not constitute trespass in the locality where the venue is laid. The adjudicated significance of the term "herd" is not commensurate with purposely driving and intentionally retaining stock upon particular premises. So it was further said in the case cited: "It follows that, when one permits his stock to run at large or graze upon uninclosed land, he is guilty of no actionable injury; and the fact that the character of the stock requires that he should have them in charge of some person, to protect them from loss or destruction, does not, in our opinion, change the rule. By so doing he does nothing more than has been, by common consent, done by the owners of such stock since the earliest settlement of the state; and if the practice is now to be changed, it should be done by legislative enactment." We think, therefore, that the complaint in this case was insufficient, even after verdict, upon which to found the action, and the judgment of the court below is proper.

3. The question is made that, in any event, the defendant was not entitled to recover costs. This idea proceeds upon the theory that the circuit court was without jurisdiction because of the want of it in the justice's court. But this reasoning cannot avail the plaintiff. The cause was taken in regular course of appeal to the circuit court, and whether the appeal is dismissed for

want of jurisdiction or upon the ground that the complaint does not state facts sufficient to constitute a cause of action, costs must follow the judgment. These considerations affirm the judgment of the court below, and it is so ordered.                                        AFFIRMED.

Decided 12 June, 1899.