## Ex Parte C. E. Cowden, Jr.

### No. 3187. Decided June 17, 1914.

**1.—Stock Law—Constitutional Law.**

The Act of the Thirty-first Legislature, and subsequent Acts relating to the live stock law prohibiting horses and cattle, etc., from running at large after an election held, etc., is constitutional. Following Roberson v. State, 42 Texas Crim. Rep., 595.

**2.—Same—Repeal—Exempting County.**

The Act of the Thirty-first Legislature with reference to the stock law was not repealed by any subsequent legislation as to the county of the prosecution. Following Holman v. Cowden and Sullivan, 158 S. W. Rep., 571, and other cases.

**3.—Same—Election Contest—Civil Courts—Supreme Court.**

Contests on the legality of elections is a question peculiarly within the jurisdiction of our civil courts, and the Court of Criminal Appeals will be bound thereby on all questions in connection therewith which has been passed on by the Supreme Court of Texas; besides, the law was not repealed in the county of the prosecution by the plain letter of the law.

**4.—Same—Election—Order of Commissioners Court.**

Where the order of the Commissioners Court and the proclamation of the county judge of an election on the stock law, when considered as a whole, were in conformity with law, an objection that they were insufficient was untenable.

**5.—Same—Habeas Corpus—Void and Voidable.**

On habeas corpus, it is only those matters which would render the trial and judgment void, and not merely voidable, that can be reviewed, and mere irregularities which do not render the proceedings void will not be considered. Following Ex parte Taylor, 63 Texas Crim. Rep., 571, and other cases.

**6.—Same—Complaint—Wilful—Knowingly—Words and Phrases.**

While it is better practice to follow the language of the Code, yet if words of equivalent meaning are used in a complaint, the same is sufficient, and where the complaint used the word, "wilful," where the statute uses the word, "knowingly," the complaint was sufficient.

**7.—Same—Rule Stated—Words and Phrases.**

The word, "wilful," as used in the statute, is synonymous with the word "knowingly."

Appeal from the District Court of Matagorda. Tried below before the Hon. Samuel Styles.

Appeal from an order of the District Court remanding relator to custody on writ of habeas corpus, and a conviction in the Justice and County Court for violating the stock law; penalty, a fine of $5.

The opinion states the case.

*J. W. Conger,* for appellant.—On question of unconstitutionality of the Act: Bowman v. State, 38 Texas Crim. Rep., 14.

On question of order of Commissioners Court: Boone v. State, 10 Texas Crim. App., 418; Prather v. State, 12 id., 402; Ex parte Gulledge, 57 Texas Crim. Rep., 156; Chenowith v. State, 50 id., 238; Hill v. State, 58 id., 79.

On question of repeal of stock law in county of prosecution: Ex parte

Cone, 38 Texas Crim. Rep., 656; City of Austin v. McCall, 95 Texas, 565; Charlton v. Cousins, 103 Texas, 116.

On question of insufficiency of complaint: Hill v. State, 58 Texas Crim. Rep., 79; Henderson v. State, 37 id., 79.

C. E. Lane, Assistant Attorney General, and R. R. Lewis, County Attorney, and Gaines & Corbett, for the State.—On question of constitutionality of law: Armstrong v. Taylor and Elmore, 87 Texas, 598, and cases cited in opinion.

On question of sufficiency of complaint: Woodhouse v. Ry. Co., 67 Texas, 416.

HARPER, JUDGE.—Appellant was prosecuted and convicted in the Justice Court for permitting stock to run at large in a portion of Matagorda County where it is alleged the stock law prohibiting horses, cattle, etc., from running at large had been adopted. He appealed the case to the County Court; was again tried and convicted, when he sued out a writ of habeas corpus before Hon. Samuel J. Styles, district judge. Upon a hearing, Judge Styles remanded the relator to the custody of the sheriff, and from this latter order he prosecutes an appeal to this court.

Relator's first contention is that the statute authorizing stock law elections to be held is unconstitutional and void, but this has so often been decided adversely to his contention relator does not seriously contend for this proposition. Roberson v. State, 42 Texas Crim. Rep., 595, and cases there cited. The question is discussed thoroughly in that case, and other cases cited therein, and we see no reason to reverse our holding.

The next contention is that while the stock law was by the Act of the Thirty-first Legislature put in force in Matagorda County, yet it is contended that by the Act of the Thirty-second and Thirty-third Legislatures, said law was repealed as to Matagorda County. This question was thoroughly discussed in the case of Holman v. Cowden & Sutherland, 158 S. W. Rep., 571, in an opinion by Judge Reese of the Court of Civil Appeals, and it was therein held that the Act of the Thirty-first Legislature did specifically place Matagorda County under the stock law, and that such Act had not been repealed by any subsequent legislative enactment. A writ of error was refused by our Supreme Court in that case. The question was again raised in the case of Ward Cattle Co. v. Carpenter, recently decided by the Galveston branch of the Court of Civil Appeals, and we adopt the opinions in those cases. Contests of the legality of elections is a question peculiarly within the jurisdiction of our civil courts, and we are not only inclined to give great weight to their opinions, but feel that we should be bound thereby on all questions in connection therewith which have been passed on by our Supreme Court. Not only is this true, but after a careful investigation of the question we are of the opinion that if it were before us as an original proposition, we would so hold, for the later Acts specific-

ally name the counties in which it is proposed to repeal the law, and having thus designated the counties in which the law is to be repealed, it would do violence to the Act of the Legislature to hold that it repealed the law in any county not so named.

However, relator insists that if the law is in force in Matagorda County, and admitting that the petition for the election is legal and in conformity with the law, yet he says that the order passed by the Commissioners Court ordering the election to be held and the proclamation of the county judge are insufficient in that the order does not state what stock would be prohibited from running at large, and the proclamation of the county judge does not state on what day the election is to be held, etc. In order to sustain these contentions he seeks to subdivide the order of the court into what he terms, findings of fact by the court, and the judgment of the court. He admits that if we construe the order and proclamation as a whole, then all the statutory requirements are complied with. This we think the proper construction to place on the order ordering the election to be held and the proclamation of the county judge issued in conformity with such order, and when we view them in their entirety all the requirements of articles 7239, 7240, 7241, 7247 and other provisions of the Revised Statutes were fully complied with. This we think is in effect the holding of the two cases above cited, and they should be so construed, but if in fact this question was not passed on by the court in those cases, we hold that the stock law has been legally adopted in the territory described in the petition for an election and the orders of the Commissioners Court. In fact, the recitations in the orders as to what purposes the election shall be held, the date of the election and other essential particulars in these orders seem to have been not only recited, but to have been made very prominent by repetition.

This case being before us on writ of habeas corpus, many questions are raised that we can not review that we would be authorized to do if the case was before us on a regular appeal. On habeas corpus it is only those matters which would render the trial and judgment void and a nullity that we can review. Ex parte Taylor, 63 Texas Crim. Rep., 571; Ex parte Hendricks, 142 S. W. Rep., 452, and cases there cited. Most of the complaints, other than those hereinbefore discussed, are mere irregularities and do not render the proceedings void, but would be reviewable on appeal; however, in this proceeding we can furnish no relief on account of mere irregularities which would only render the proceedings voidable but not void.

Relator insists that the complaint charges no offense in that the word "wilful" is used where the statute uses the word "knowingly." It has always been the rule in this court that it is better to follow the language of the Code, but if words of equivalent meaning are used the complaint should not be quashed but held valid. Mathews v. State, 36 Texas, 675; Caldwell v. State, 2 Texas Crim. App., 53; Sansbury v. State, 4 Texas Crim. App., 99. As said in some of the cases, if the word used is of more extensive meaning than the word used in the complaint, the com-

plaint is valid. The word "knowingly" as used in the statute means that the act must have been done within the knowledge of the person charged, with the intent to commit the act. "Wilful" also carries that meaning and more. In Garza v. State, 47 S. W. Rep., 983, it is held that the word "wilfully" as used in the statute is synonymous with "knowingly." In Words & Phrases, volume 8, page 7474, we find the following excerpts and citation of authorities:

" 'Wilfully' is equivalent to 'knowingly.' Fry v. Hubner, 57 Pac. Rep., 420, 421, 35 Or., 184; Catlett v. Young, 32 N. E. Rep., 447, 448, 143 Ill., 74; Galveston, H. & S. A. Ry. Co. v. Bowman (Texas), 25 S. W. Rep., 140, 141.

"'The term 'wilfully' implies that the act is done knowingly. North Carolina v. Vanderford (U. S.), 35 Fed. Rep., 282, 286; State v. Stein, 51 N. W. Rep., 474, 475, 48 Minn., 466.

"The word 'wilfully' implies, on the part of the wrongdoer, knowledge, and a purpose to do the wrongful act. Potter v. United States, 15 Sup. Ct., 144, 147, 155 U. S., 438, 39 L. Ed., 214; Spurr v. United States, 19 Sup. Ct., 812, 815, 174 U. S., 728, 43 L. Ed., 1150; State v. Smith, 8 N. W. Rep., 870, 871, 52 Wis., 134.

" 'Wilfully,' as used when saying that an act was wilfully done, implies that the act was done by design; done for a set purpose; and it would follow that it was knowingly done. Wong v. City of Astory, 11 Pac. Rep., 295, 296, 13 Or., 538.

" 'Wilfully,' as used in connection with an act forbidden by law, means that the act must be done knowingly or intentionally, and that the act was committed with knowledge, and that the will consented to, designed, and directed the act. Woodhouse v. Rio Grande R. Co., 3 S. W. Rep., 323, 324, 67 Texas, 416."

As hereinbefore stated, the other matters complained of were mere irregularities and questions we can not review on habeas corpus.

The judgment is affirmed.

*Affirmed.*