## STATE v. RICKENBERG.

No. 3644.   Decided June 2, 1921.   (198 Pac. 767.)

1. CRIMINAL LAW—STATE CAN APPEAL FROM DISCHARGE OF DEFENDANT ON OBJECTION TO EVIDENCE BECAUSE OF INSUFFICIENT INFORMATION. Under Comp. Laws 1917, § 9208, subd. 1, authorizing appeal by the state from a judgment on demurrer to the information or indictment, an appeal by the state from the judgment discharging the jury and dismissing the defendant when the introduction of evidence was objected to, on the ground the information was insufficient to charge an offense, was taken in time.

2. INDICTMENT AND INFORMATION—INFORMATION CHARGING ACT WAS "WILLFULLY" DONE INCLUDES CHARGE IT WAS KNOWINGLY DONE. An information charging that defendant willfully had in his possession intoxicating liquor is sufficient to charge a violation of Comp. Laws 1917, § 3343, making it unlawful for a person knowingly to have in his possession any intoxicating liquors, since the term "willfully" is equivalent to knowingly (quoting Words & Phrases, First and Second Series, "Willfully").

3. INDICTMENT AND INFORMATION—WORDS OF SIMILAR IMPORT MAY BE USED INSTEAD OF WORDS OF THE STATUTE. Though it is ordi-

narily more prudent on the part of the pleader to charge an offense in the exact words of the statute, especially where they are sufficiently comprehensive and adequately describe the offense, words of similar import may be used where they clearly and intelligibly convey the same meaning.

4.  CRIMINAL LAW—ON APPEAL BY STATE IMPORTANT PRACTICE QUESTION CAN BE DECIDED, THOUGH UNNECESSARY TO DETERMINATION. On appeal by the state from a judgment dismissing defendant on sustaining objection to the information and denying leave to amend it, the question of the right to amend the information is an important one of practice, and will be determined, though the original information was sufficient.

5.  INDICTMENT AND INFORMATION—INFORMATION MAY BE AMENDED AFTER PLEA IF OFFENSE IS NOT CHANGED. Under Comp. Laws of 1917, § 8781, authorizing amendment of an information in form or substance by leave of court after defendant had pleaded to the merits or during the trial, the prosecution is entitled to amend the information by inserting the word "knowingly" in the description of the acts constituting the defense to make it conform to the statutory definition, which at most was only an amendment as to form, since an amendment of either form or substance is permissible, so long as it does not change the nature of the offense.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight*, Judge.

Henry Rickenberg was charged with having unlawful possession of intoxicating liquor. From a judgment dismissing the case, the State appeals.

REVERSED AND REMANDED.

*E. A. Rogers*, Dist. Atty., of Salt Lake City, for the State.

*Hancock & Barnes*, of Salt Lake City, for respondent.

THURMAN, J.

The questions presented on this appeal relate, primarily, to the sufficiency of the information upon which the defend-

ant was brought to trial    The information reads as fol-
lows:

"Henry Rickenberg, having been heretofore duly committed to
this court by Henry C. Lund, a committing magistrate of said
county, to answer to this charge, is accused by Frank S. Richards,
district attorney for the Third judicial district of the state of Utah,
Salt Lake county, by this information, of the crime of having pos-
session of intoxicating liquor, committed as follows, to wit:    That
the said Henry Rickenberg, at the county of Salt Lake, state of
Utah, on the 28th day of September, A. D. 1920, did then and there
willfully, unlawfully, and feloniously have in his possession intoxi-
cating liquor, to wit, whisky; the said Henry Rickenberg being
then and there a persistent violator of title 54, section 3343, Com-
piled Laws of Utah 1917, he having heretofore, to wit, on the
27th day of June, 1919, in the city court of Salt Lake City, before
Henry C. Lund, city judge and ex officio justice of the peace in
Salt Lake City, Salt Lake county, state of Utah, been convicted of
having in his possession intoxicating liquor.    Contrary to the pro-
visions of the statute of the state aforesaid in such cases made and
provided, and against the peace and dignity of the state of Utah."

Compiled Laws of Utah 1917, § 3343, defines the offense
which the state intended to charge.    The last sentence of the
section reads:

"It shall be unlawful for any person within this state know-
ingly to have in his or its possession any intoxicating liquors, ex-
cept as in this title provided."    (Italics ours.)

The defendant was arranged and pleaded not guilty.    The
case afterwards came on for trial.    A jury was impaneled
and a witness sworn for the state.    In response to a question
by the state's attorney the witness stated his name, where-
upon the attorney for the defendant objected to the intro-
duction of any evidence on the alleged grounds that the in-
formation does not state facts sufficient to constitute a fel-
ony, or any public offense.    The sufficiency of the informa-
tion was challenged by the defendant on the specific ground
that the act charged as an offense was not alleged to have
been done "knowingly," as required by the statute above
quoted.    The trial court sustained the objection.    The
state's attorney then requested leave to amend the informa-
tion by inserting therein the word "knowingly" next before
the words "having possession of intoxicating liquors," and

also by inserting the same word next before the word "willfully." The court refused the request for leave to amend, and upon motion of defendant's attorney dismissed the case and discharged the jury, from which judgment the state appeals.

Compiled Laws of Utah 1917, § 9208, subd. 1, provides that the state may appeal from a judgment for defendant on a demurrer to the information or indictment. The record shows that the appeal was taken in time.

Appellant contends that the court erred in sustaining respondent's objection to the introduction of evidence and also in refusing appellant's request for leave to amend the information. In support of its contention appellant insists that the information states facts sufficient to constitute the offense defined in the statute above quoted; that the word "willfully" is of similar import as the word "knowingly," and is the same in substance and effect. Many authorities are cited in support of this contention. See especially *Ex parte Cowden*, 74 Tex. Cr. R. 449, 168 S. W. 539; *State* v. *Muller*, 80 Wash. 368, 141 Pac. 910; *Fry* v. *Hubner*, 35 Or. 184, 57 Pac. 420. The following excerpts from Words and Phrases, which are supported by numerous cases, illustrate the almost universal trend of judicial opinion. We quote from volume 8, pp. 7474 and 7475:

" 'Willfully' is equivalent to 'knowingly.' "

"The term 'willfully' implies that the act is done knowingly."

"The word 'willfully' implies, on the part of the wrongdoer, knowledge, and a purpose to do the wrongful act."

" 'Willfully,' as used when saying that an act was willfully done, implies that the act was done by design; done for a set purpose; and it would follow that it was knowingly done."

" 'Willfully,' as used in connection with an act forbidden by law, means that the act must be done knowingly or intentionally, and that the act was committed with knowledge, and that the will consented to, designed, and directed the act."

"In common parlance 'willfully' is used in the sense of 'knowingly,' as distinguished from 'accidental' or 'involuntary.' "

"A 'willful failure' to comply with the provisions of the mine law means that there must have been some knowledge that the

party was violating it; some knowledge which should have induced him 'not to do what he did do; some knowledge of the fact."

' "An indictment for perjury which charged that the defendant 'feloniously, willfully, and corruptly did depose,' etc., but omitted the word 'knowingly,' is not bad on account of the omission of such word, though it is used in the statute."

"The word 'willfully' as used in the statute punishing perjury, the same being 'a false statement willfully made,' is synonymous with 'knowingly.' "

Many other pertinent paragraphs might be quoted from the pages referred to.

In the Second Series of Words and Phrase, vol. 4, at page 1304, we find the following:

"The word 'willfully' implies the doing of an act knowingly, and with stubborn purpose."

"A 'wilful act' is one that is done knowingly and purposely."

See other paragraphs in the same connection.

As before stated, these paragraphs seem to be supported by abundant authority cited in connection therewith, many of which cases we have carefully examined and find that they faithfully support the next.

In our view of the law, both from the standpoint of reason and authority, the question is hardly debatable.      2 To say that a thing can be willfully done without knowing it, is 'on its face, paradoxical, and manifestly contradictory and untenable.

It is quite true that it is ordinarily more prudent on the part of the pleader in charging an offense to use the exact words of the statute, especially where they are sufficiently comprehensive and clearly and adequately describe the offense; but it is elementary doctrine of universal      3 recognition that words of similar import may be used where they clearly and intelligently convey the same meaning.

We are of the opinion that the information was not vulnerable to the objection made by respondent, and that his objection to the introduction of evidence by the state should have been overruled.  In view of the conclusion reached, it is manifest that the court erred in discharging the jury and dismissing the case.

As this is an appeal on the part of the state, involving an important question of practice, it is necessary to determine whether or not the court erred in refusing     4 leave to amend the information.

The proposed amendment in the case at bar had no tendency to alter the nature of the offense charged in the information.    It imposed no additional burden upon the defendant, nor deprived him of any legal or constitutional right.    As we have shown by the authorities cited, there was no substantial change or alteration in the meaning of the language employed.    At most it was only an amendment as to form offered by the pleader, apparently out of a superabundance of caution, in order to conform to the exact language of the statute.    Comp. Laws Utah 1917, § 8781, as far as material here, reads:

"An information may be amended  *  *  *  in any matter of form or substance at any time before the defendant pleads thereto. It may also be amended in any matter of form or substance by leave of court at any time after the defendant has pleaded to the merits, or during the trial."

It thus appears the statute expressly authorizes an amendment to an information whenever it is deemed necessary, either before or after the defendant enters his plea.    If after, it must be by leave of court.    The amendment may be as to matter of substance as well as to matter of form.    It does not follow that the prosecutor by amendment can alter the nature of the case.    He cannot substitute one offense for another; nor can he by amendment charge  -    5 an offense where it is impossible to determine from the original information what offense was attempted to be charged.    We believe it to be fundamental in the law of pleading and practice, in both civil and criminal procedure, that an amendment is not permissible if it changes the nature of the cause of action or offense, as the case may be. This limitation, however, relates solely to the subject of amendments and has no relation to the right or power of the prosecutor to dismiss as to one information and by leave of court file another based upon the same preliminary examination.

In a belated brief filed by respondent, and just received by the writer, the following cases are cited: *State* v. *Pay,* 45 Utah, 411, 146 Pac. 300, Ann. Cas. 1917E, 173; *State* v. *Sheffield,* 45 Utah, 426, 146 Pac. 306; *State* v. *Hilberg,* 22 Utah, 27, 61 Pac. 215; *State* v. *Thompson,* 31 Utah, 228, 87 Pac. 709; *State* v. *Jensen,* 34 Utah, 166, 96 Pac. 1085; *State* v. *Woolsey,* 19 Utah, 486, 57 Pac. 426. What application these cases have to the instant case and why they are called to our attention is not explained in the brief. We cite them for what they are worth.

The judgment is reversed and the cause remanded, with directions to the trial court to proceed as the court may be advised in accordance with Compiled Laws Utah 1917, § 9212.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.