## J. W. HILL V. THE STATE.

No. 9708.　Delivered December 23, 1926.

Rehearing denied State, March 16, 1927.

### 1.—Wilfully Misplacing a Culvert—Evidence—Held, Insufficient.

Where, on a trial for unlawfully, knowingly and wilfully misplacing a certain culvert upon a certain road, the evidence disclosed that appellant, with consent of the county commissioner of the precinct, bought lumber and built a culvert on a road, and on the commissioners court refusing to pay him for the lumber, he removed same and sold it to the commissioner of another precinct, this evidence is not sufficient to establish any offense.

### 2.—Same—"Wilfully" Defined.

This court has many times held that the term "wilful" as used in this connection, means that the act must be committed with an evil intent, with legal malice, and without reasonable grounds for believing the act to be lawful. The evidence in this case fails to show that the appellant "wilfully" misplaced the lumber in question, and being insufficient to warrant a conviction, the judgment is reversed and the cause remanded. See Meers v. State, 16 S. W. 653, and Laroe v. State, 17 S. W. 934.

#### ON REHEARING.

### 3.— Same — "Knowingly" and "Wilfully" Are Synonmous — Statute Construed.

In a motion for rehearing the state concedes that the evidence did not disclose that appellant acted "wilfully" in removing the culvert, but contends that he acted "knowingly." It was held in Ex Parte Cowden, 168 S. W. 539, that the words "knowingly" and "wilfully' are synonymous. We think this the proper construction to be given Art. 821, and the. state's motion for rehearing is overruled.

Appeal from the County Court of Mills County. Tried below before the Hon. L. E. Patterson, Judge.

Appeal from a conviction for unlawfully, knowingly and wilfully misplacing a certain culvert on a certain road, penalty a fine of one cent.

The opinion states the case.

*E. B. Anderson* and *J. C. Darroch* of Goldthwaite, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Mills County of the offense of "unlawfully knowingly and wilfully" misplacing a certain culvert upon a certain road, and the jury assessed his punishment at one cent.

This prosecution is under Art. 821, Vernon's P. C. The record discloses that the appellant had no attorney to represent him until after he was convicted, and there are no questions raised in his brief that we are authorized to consider except the insufficiency of the testimony to sustain the conviction. The evidence discloses that the appellant and two or three of his neighbors, with the consent of the commissioner of that precinct, voluntarily worked the road, and appellant bought and paid for lumber with which to construct the culvert in question at his own expense, and at the time of purchasing same, he attempted to have the lumber company charge the same to the commissioner of said precinct, which the company refused to do, but charged it to appellant, and afterwards same was paid by him. The appellant informed his neighbors at the time of constructing the culvert that if the county did not pay him for the lumber that he would take it up. It appears that after paying for said lumber he had the manager of said company to present his claim to the commissioners court on two different occasions for payment, which the court refused, and the manager of the company advised appellant to take said culvert up and use it. The record further discloses without dispute, that appellant called Commissioner Burnham of said precinct and told him he was going to take the lumber up, and that he had sold same to Commissioner Biddle of another precinct in said county, and wanted to take it up the next day. The appellant, in his own behalf, testified on this point that Commissioner Burnham over the telephone stated: "He told me it would be all right to go ahead." The appellant also testified relative to the sale to Commissioner Biddle, that he told Mr. Biddle all about the matter, and that Mr. Biddle replied as follows: "He told me to go take it up and he would use it in his precinct and pay for it, and as I had paid for the lumber and believing that I had a perfect right to take it, sold it, as I have said, to Mr. Wm. Biddle, commissioner of precinct No. 3." The record further discloses that Commissioner Burnham of precinct No. 1 took the stand as a witness in behalf of the state and did not deny the statements made by appellant as above set out, but admitted that the appellant rang him up over the phone and warned him he was going to take the lumber, because the county did not pay him for it, and in that connection stated: "I told him I would not give him authority to do that. I told him I would not have anything to do with it."

We are of opinion that the evidence in this case fails to show that the appellant "wilfully" misplaced the lumber in question, and that the evidence is insufficient to warrant a conviction. This

court has many times held that the term "wilful" as used in this connection means that the act must be committed with an evil intent, with legal malice, and without reasonable grounds for believing the act to be lawful. We could cite many authorities supporting this proposition, but content ourselves in citing Meers v. State, 16 S. W. 653, and Laroe v. State, 17 S. W. 934, and the authorities therein cited.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing. The brief in support of the motion contains this statement: "Perhaps the conduct of defendant is not shown by the evidence to have been actuated by the evil intent or legal malice necessary to make it wilful." We understand this to be a practical admission on the part of the state that it failed to show by the evidence upon the trial that appellant acted wilfully at the time he removed the culvert, but the contention is made that the evidence showing that it was "knowingly" done supports the conviction.

The statute under which the prosecution was had is Art. 821, P. C., 1911, and reads:

"Any person who shall knowingly or wilfully destroy, injure or misplace any bridge, culvert, drain, sewer, ditch, signboard, mile-post, or tile, or anything of like character placed upon any road for the benefit of the same, shall be guilty of a misdemeanor and, upon conviction therefor, punished by fine of not more than five hundred dollars, and shall be liable to the county and any person injured for all damages caused thereby."

The word "knowingly" in the statute appears to be meaningless unless it was inserted to meet the case of one who injured or removed part of a public road without knowing of its public character. One certainly could not remove a culvert from a road without knowing he was doing it. In Ex Parte Cowden, 168 S. W. 539, the prosecution was for permitting stock to run at large. The statute used "knowingly" in defining the offense. The complaint substituted for it the word "wilfully." The holding was that the words were synonymous. (See that case also for

collation of many authorities.)    We think this the proper construction to be given Art. 821 and that no conviction can be sustained where the evidence fails to show the act complained of was "wilful."    It may not be inappropriate to call attention to the fact that Article 821 does not appear in the Criminal Code of 1925.    It seems to have been entirely omitted.    The only offense defined which would cover the acts here complained of is in Art. 784, P. C., 1925, where the word "wilfully" appears and "knowingly" is omitted.

It will be noted that Commissioner Burnham denied the statement made by appellant in which the latter claimed that Burnham had told him it would be all right to take the culvert up, but Burnham says only that he did not give appellant permission to remove the culvert, but told him he would have nothing to do with it.    After appellant had presented the account for the lumber to the commissioners court on two different occasions and payment for the lumber was refused, appellant says that he talked to Mr. Biddle, another commissioner, and told him all about the matter and how appellant had put the culvert in and furnished the lumber and that the county had refused to pay for it and that Biddle told him to take it up and that he (Biddle) would use it in his precinct and pay him for it, and that Biddle did pay him for the lumber the same amount that appellant had been compelled to pay to the lumber company after the court had declined to approve his bill.

Appellant's statement that Commissioner Biddle authorized him to take the culvert up is nowhere denied.    It must be borne in mind that this court is not undertaking to determine the right of appellant as a matter of law to remove the culvert under the circumstances but is only called upon to say whether the evidence in the record now before it shows that appellant's act in removing the culvert was "wilful," that is, that it was done with evil intent and legal malice.    In the event of another trial the evidence might not be to the same effect but be elaborated upon that point.

Believing the evidence fails to show that appellant's act was "wilful" as that term is understood in law, the state's motion for rehearing is overruled.

<div style="text-align:right">

*Overruled.*