THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RENÉ DÍAZ BREIJO, Defendant and Appellant.

No. CR-66-432.      Decided March 18, 1969.

*Ramón Rivera Valentín* and *José Rafael Gelpí* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed the following information against appellant:

"The prosecuting attorney files information against René Díaz Breijo, resident of 421 Morel Campos Street, Barrio Obrero, Santurce, Puerto Rico, for a violation of § 423 of the Penal Code of Puerto Rico (Felony) committed as follows:

"Said defendant: René Díaz Breijo, on or about October 20, 1964 and in San Juan, P.R., which is part of the jurisdiction of the Superior Court of Puerto Rico, San Juan Part, illegally, willfully, and maliciously, and with criminal intent, had in his possession and control materials and tools used in counterfeiting dollar bills, legal currency of the United States of America."

After a trial by jury he was found guilty and sentenced to serve from 3 to 8 years in the penitentiary.

On appeal appellant assigns the commission of several errors. In one of them he points out that the facts alleged in the information do not constitute an offense, among other reasons, because it is not alleged that defendant, *knowingly*, had in his possession material and tools made use of in counterfeiting dollar bills. (Italics ours.)

Section 423 of the Penal Code (33 L.P.R.A. § 1651) provides:

"§ 423. —Posesión de Instrumentos Para Falsificar.

*"Toda persona que hiciere, o a sabiendas tuviere en su poder algún cuño, plancha o cualquier aparato, papel, metal, máquina, u otra cosa, utilizada en la falsificación de moneda acuñada de curso legal en Puerto Rico, o en falsificar oro en polvo, oro o plata en barras, pasta, grano o pepita, o en falsificar billetes o documentos de crédito, será castigada con pena de presidio por uno a quince años; destruyéndose todos los cuños, planchas, aparatos y todo papel, metal o máquina, empleados en dicha falsificación."*[1]

We have seen that the information does not allege that appellant, *knowingly*, had in his possession the materials made use of in counterfeiting.

On previous occasions we have held, and that is the doctrine in force, that it is necessary to allege in the information that the accused acted with knowledge when that is an essential ingredient of the offense charged. *The People* v. *Vázquez*, 22 P.R.R. 424 (1915); 4 Wharton, Criminal Law and

[1] In the English text which is the one that prevails, said section reads: "§ 423. —Having in Possession Tools for Counterfeiting.

"Every person who makes, or knowingly has in his possession any die, plate, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting coins current in Puerto Rico, or in counterfeiting gold-dust, gold or silver bars, bullion, lumps, pieces, or nuggets, or in counterfeiting bank notes or bills, is punishable by imprisonment in the penitentiary not less than one nor more than fifteen years; and all such dies, plates, apparatus, paper, metal, or machine, intended for the purpose aforesaid, must be destroyed."

Although there are discrepancies between the two texts by reason of its translation from English into Spanish, both texts are identical as to the element of "knowingly."

Procedure, § 1774; 20 C.J.S. 136, § 29.[2] The Solicitor General sustains that the omission of the allegation "knowingly" in the information is cured by the allegation that the possession of the materials was willful, malicious, and with criminal intent.

In *People* v. *García*, 9 P.R.R. 391 (1905), we said: "Conceding that the words 'maliciously and criminally' might satisfy the requirement of the statute with respect to a criminal intent, yet these words do not dispense with the necessity of charging that the defendant knew the coin was counterfeit. The words 'maliciously and criminally' are far too general to do away with the necessity of charging the defendant with such knowledge. A case in point is the *United States* v. *Carll*, reported in 105 U.S., at page 611."

In *People* v. *White*, 34 Cal. 183, cited by the Solicitor General, contrary to what occurs in this case, knowingly was alleged in the indictment. It was decided in said case that to justify a conviction under said indictment, there must be proof of a criminal intent as well as a known possession. Therefore, said case does not support appellee's argument.

Since the facts alleged in the information do not constitute offense, the judgment appealed from will be reversed, and another rendered dismissing said information.

Mr. Justice Pérez Pimentel delivered a concurring opinion in which Mr. Justice Hernández Matos and Mr. Justice Santana Becerra agree. Mr. Justice Rigau delivered a dissenting opinion in which Mr. Justice Ramírez Bages and Mr. Justice Torres Rigual concur.

---

[2] There is no doubt that the evidence established that defendant-appellant had criminal knowledge of the offense.

—O—

MR. JUSTICE RIGAU, with whom MR. JUSTICE RAMÍREZ BAGES and MR. JUSTICE TORRES RIGUAL concur, dissenting.

San Juan, Puerto Rico, March 18, 1969.

I regret to be obliged to dissent. In this case appellant was charged with a violation of § 423 of the Penal Code,[1] which declares a public offense that a person "knowingly has in his possession any die, plate, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting" coins, bills, and bank notes. There was strong evidence and the jury found defendant guilty.

The evidence established that in a hotel room in San Juan defendant showed before a group of persons how he could change $1 bills into $100 bills. By means of a chemical process defendant transferred the ink and the design of a $1 bill to a piece of paper and after completely discoloring a $1 bill, he transferred the image of the $100 bill to the $1 bill. As a result of said operation there were two 100-dollar bills. Defendant explained to the persons therein that "the business he proposed was a good one, and could produce lots of money." He requested the persons present to contribute some money.

Among the materials and tools utilized for the counterfeiting were: molds, an electric iron, some cans, two wooden rolls, pieces of lead, a small plate with numeration, a pair of pincers, 4 glass tubes, cotton and gauze.

The opinion of the Court reverses the judgment because the information did not allege that defendant possessed said materials "knowingly". But he was charged that "willfully and maliciously, and with criminal intent, had in his possession and control materials and tools used in counterfeiting dollar bills, legal currency of the United States of Amer-

[1] 33 L.P.R.A. § 1651.

ica." That is, the information stated that defendant possessed said materials "used in counterfeiting dollar bills, legal currency," and that he possessed them, *"willfully and maliciously, and with criminal intent."* (Italics ours.) As may be seen, the question raised is, in essence, whether these last words are equivalent to saying that defendant possessed said materials made use of in counterfeiting dollar bills "knowingly."

The aforementioned § 423 of the Penal Code does not require both conditions; that is, it does not require that the possession be "knowingly" and that also it be "willfully, maliciously, and with criminal intent." Naturally, said section only requires the criminal intent once and not twice. As it is well-known the information need not reproduce the words of the statute *verbatim.* The Rules of Criminal Procedure themselves provide that the information "need not follow strictly the words used in law, but other words conveying the same meaning may be used." "A statement of the essential facts constituting the offense charged, in ordinary plain and concise language, and in such manner as to enable a person of common understanding to know what is intended," will suffice.[2]

It is so because, as it is well-known, the information is the notice of the offense charged against defendant; it is the statement of the facts charged against him, so that he may defend himself.[3] If a defendant is notified, through the information, that he is accused of having committed certain offenses, "willfully and maliciously, and with criminal intent" that is equivalent to saying that it was "knowingly." In point of fact that implies more than merely "knowingly." The defendant has been informed and he can defend himself. The

---

[2] Rule 35(c); *People* v. *Seda,* 82 P.R.R. 695 (1961); *People* v. *Vidal,* 49 P.R.R. 743 (1936).

[3] In Spanish it is called *acusación.*

essential element of the offense in question—that it was committed knowingly, that is, having knowledge of what he was doing and not merely by mistake or inadvertence—was covered by the information and the due process of law was not violated.[4]

If the information merely charged appellant that he possessed the aforementioned materials, and nothing else, then it would be correct to affirm that it did not allege facts constituting the offense because § 423 requires the criminal intent in possessing said materials. But the information charged him with possessing them "willfully and maliciously, and with criminal intent." What I sustain is that, since it is unnecessary to copy exactly the words of the law in the information, said criminal intent required by § 423 may be charged either using the word "knowingly" or using the words "willfully and maliciously, and with criminal intent." What is necessary is not to comply mechanically with a prescribed formula, but to inform defendant that he is charged with having possessed said materials with criminal intent, and that may be attained likewise either by using the word "knowingly" or by using the words "willfully and maliciously, and with criminal intent."[5]

The majority of the case law has so decided in cases identical with and similar to the case at bar. For example, in *People* v. *Calvert*, 269 Pac. 969, a case in California, from where our Penal Code comes, appellants contended—like in the case at bar—that the information did not state facts constituting a public offense because it did not contain the word "knowingly." However, the court decided that although the information did not say "knowingly" it contained other words such as "willfully" and "criminally" which con-

---

[4] Hereinafter I will state what the case law has established on this matter.

[5] "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal."—Cardozo, The Nature of the Judicial Process 100.

veyed to the defendant the meaning that he was charged with having committed some acts intentionally and not by mistake or inadvertence.

Later on, the case law ratifies said reasoning. Thus, in another case, also decided in California, it was said: "To act 'knowingly' means to act voluntarily and purposely, and not because of mistake or inadvertence or other innocent reason."[6][*]

The case at bar is even clearer than the aforecited *Calvert* case, since in the former the defendant was informed that he had committed the acts willfully, maliciously, and with criminal intent. Those words are even more explicit than those used in the information in *Calvert*. In *Calvert*, as I have said, and for the reasons stated, the sufficiency of the information was sustained.

In *People* v. *Loeper*, a case decided subsequently to the two aforecited cases, also decided in California, it was held that although the word "knowingly" was not used in the information, the same was sufficient, since equivalent words were used. The court said:

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he *knowingly* did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading." *People* v. *Loeper*, 334 P.2d 93, 95 (1959).

That is almost the universal tendency of the case law on this point. Why? Merely because—as it is clearly stated in our Rule 35 of the Rules of Criminal Procedure—what the information should contain is "A statement of the essential facts constituting the offense charged, in ordinary plain and concise language, and in such manner as to enable a person of common understanding to know what is intended." . . .

---

[6] *United States* v. *Schneiderman*, 102 F.Supp. 87, 93 (1951). See also, for more cases, 23A Words and Phrases 451 (1967).

[*] EDITOR'S NOTE: We omit the citation included in this footnote because it appears above as part of the text of the opinion.

"Words used in said statement need not follow strictly the words used in law, but other words conveying the same meaning may be used."

In other words, as stated in *Medrano v. United States*, 285 F.2d 23, 26 (1960), *certiorari denied*, 366 U.S. 968 (1961) : "The sufficiency of an indictment is to be determined on the basis of practical rather than technical considerations." (Citations omitted.)

In the words of another court "Formal words are unnecessary where the allegations necessarily or fairly import guilty knowledge . . . ." *United States v. Okin*, 154 F.Supp. 553, 555 (1955); *Rumely v. United States*, 293 Fed. 532, *certiorari denied*, 263 U.S. 713; *Nickell v. United States*, 161 Fed. 702, *certiorari denied*, 214 U.S. 517; *United States v. Amorosa*, 167 F.2d 596, 598.

I consider that it is unnecessary to comment further on this particular, but I will set forth below some other judicial expressions on the same matter.

"[T]he allegation that one 'willfully' committed an act is the same as that he 'knowingly' committed the act." *Lamb v. State*, 293 P.2d 624, 630.

In *People v. Gazulis*, 212 N.Y.S.2d 910, 914 (1961) :

"The information before this court alleges that the defendant acted among other things, 'willfully'. That allegation sufficiently charges that he acted knowingly and intentionally."

In *Standard Oil Co. v. United States*, 307 F.2d 120 (1962) where the judgment of conviction was reversed for other reasons, the Federal Court of Appeals precautiously explained, at p. 130, that it reversed not because the word "knowingly" was absent from the indictment as alleged by appellants.[7]

And in *Wheatley v. United States*, 159 F.2d 599 where the sufficiency of the indictment was also contended because

[7] "We sustain the defendant's attack, not because the word 'knowingly' or a specific synonym of it is absent from the indictment."

it did not contain the word "knowingly," the Court stated, at p. 600, the following:

"The indictment is somewhat informal in character and does not carefully follow the words of the statute. . . . It is true that the indictment does not charge that the defendant *knowingly* transported his victim, but the allegation that the defendant unlawfully seized and kidnapped Wilson and transported him from one state to the other necessarily implies that he had the knowledge which is an essential element of the offense, and this we think is sufficient." (Citations omitted.)

In another case, *People* v. *Odom*, 66 P.2d 206, 209, the Court said:

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading."

I believe that in its opinion the Court errs in understanding that, upon informing appellant in the case at bar, that he committed certain acts *willfully and maliciously, and with criminal intent,* he was not charged with the knowledge that he had done them knowingly and that he did not do them by mistake or inadvertence. I believe that the information adequately informed appellant of the charges preferred against him.

—O—

MR. JUSTICE PÉREZ PIMENTEL, with whom MR. JUSTICE HERNÁNDEZ MATOS and MR. JUSTICE SANTANA BECERRA join, concurring.

San Juan, Puerto Rico, March 18, 1969

I have concurred with the Per Curiam opinion rendered in this case for the reasons stated therein and others which I shall state hereinafter.

My colleague, Mr. Justice Rigau, has rendered a dissenting opinion where he states the following: The opinion of the Court reverses the judgment because the information did not allege that defendant possessed said materials "knowingly." But the information stated that the defendant possessed them *"willfully, and maliciously, and with criminal intent."* As it may be seen, the question raised is whether the latter words are equivalent to saying that defendant possessed said materials "knowingly."

With the due respect to the opinion of my colleague Justice, I believe that that is not the question raised. If it is alleged that defendant possesses the materials willfully and maliciously, and with criminal intent, there is no doubt that he is charged with the possession knowingly, that is, that he did not ignore that he possessed those materials. What the information fails to allege, and what makes it deficient, is that defendant possessed said materials, knowing that they could be made use of for the purposes prohibited by law. For example, if an information for the violation of § 438 of the Penal Code charges "A" with having bought from "B", for his own profit, willfully and maliciously, and with criminal intent, a revolver which had been stolen from "C", the information would be insufficient because one of the essential ingredients of the offense charged is that defendant bought said revolver knowing that it had been stolen from "C"; and said element is lacking in the information. We ask, is said element included in the words "willfully and maliciously and with criminal intent?" Obviously, it is not. The willful, malicious act with criminal intent may be applied to defendant's profitable purpose, and even so, it does not constitute the offense prescribed by § 438 of the Penal Code; or it may be applied to another purpose, like that of buying the revolver with malice and criminal intent to utilize it in the commission of a murder. When the specific knowledge of a fact (knowingly) is an essential element of the offense, said

knowledge must be alleged in the information either using the words of the statute or other words conveying the same meaning. It is a well-known fact that the information need not follow strictly the words of the statute; but it is also well known that the essential elements of every offense must be alleged in the information and precisely not with general words which fail to state one of those elements. The information is the notice of the offense charged against defendant, the statement of the facts charged against him so that he may defend himself, which, in turn, is an indispensable requisite of the due process of law. Hence, rules have been adopted in relation to the elements which must be alleged, irrespective of the language used, provided the latter expresses said elements.

The dissenting opinion cites several cases decided by federal courts to support the theory that the words used in the information need not necessarily follow strictly the words used in the statute. That needs no discussion. See Rule 35 of the Rules of Criminal Procedure; *People* v. *Miranda Matta*, 88 P.R.R. 805 (1963); *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967).

The dissenting opinion gives me the impression that the question concerning the sufficiency of the information is decided on the basis of the evidence which is summarized at the beginning of said opinion.

If the information had alleged that defendant had manufactured counterfeit dollar bills with the aforementioned materials, there is no doubt that defendant would be charged with the knowledge that the materials in his possession were utilized to manufacture counterfeit bills, because if the manufacture of counterfeit bills with said tools or materials is charged he is being charged with knowing that they were utilized for the manufacture of counterfeit bills. But that appears from the evidence and not from the allegations in the information.

In the case of *Wheatley* v. *United States*, 159 F.2d 299, the indictment did not contain the allegation of "knowingly" which was an essential element of the offense. The sufficiency of the indictment was sustained because it was alleged that defendant unlawfully seized, kidnapped and held Denzil Wilson for the purpose of forcing the latter to furnish transportation to defendant from West Virginia to Ohio, and transported said Denzil Wilson from West Virginia to Ohio. That necessarily implies the element of "knowledge" since it was alleged that defendant *transported* Wilson from one state to another.

In the cases cited in *Wheatley*, *supra*, it is held that although the word "voluntarily" is an essential element of the offense, its omission in the information does not render the latter defective, provided the facts alleged necessarily imply voluntariness. We do not argue the correctness of this rule.

There are other cases which, somehow, discuss the point under consideration. We shall analyze them.

*People* v. *Odom*, 66 P.2d 206, is apparently the leading case which sustains the doctrine that to do a thing "willfully" is to do it "knowingly." Said case dealt with an information charging the violation of the Vehicle Code consisting in that defendant having struck a person with his automobile he did not stop to render assistance to him. The information charged that defendant willfully and unlawfully was driving a motor vehicle on a public highway and failed to stop immediately such motor vehicle when an accident occurred causing injuries and death to another person and he did not render aid as provided by law.

It was contended that the information was insufficient because it did not specifically allege that the defendant knew his machine had struck the deceased. It was said that to charge that the defendant drove the machine in such a manner as to cause injuries and death to another person, in effect

alleges that he, knowingly, drove in such a manner as to cause the injury or death of the individual run over.

In *Odom*, *People* v. *Calvert*, 269 Pac. 969 is cited, which in turn cites *People* v. *Sheldon*, 9 Pac. 457, to the effect that "to do a thing willfully is to do it by design with set purpose;" and *People* v. *Swiggy*, 232 Pac. 174, to the effect that "To do a thing willfully is to do it knowingly." This concept is brought in turn from the case of *Fry* v. *Hubner*, 57 Pac. 420.

The *Fry* case does not involve a criminal action. It was a civil action for damages on the ground that defendant herded his band of sheep upon plaintiff's land. It was sustained that the complaint did not state sufficient facts, and in the course of the opinion it is stated that the word "willfully" is the equivalent of "knowingly." No authorities are cited or situations analyzed where said statement may be correct, as it actually is on certain occasions, but not always, as we shall see further on.

*People* v. *Loeper*, 334 P.2d 93. In this case the sufficiency of the information was not challenged. Defendant challenged the correctness of an instruction given to the jury as to what constituted intent and knowledge. It was said that an essential element of the offense charged against defendant (unlawful sale of narcotics) was intent; that the intent to do a forbidden thing constituted the criminal intent, and that the law required that to be guilty of crime one must intend the conduct that fits the description of the crime and that the defendant must engage in that conduct willfully and knowingly. The *Odom* case, already commented on, and that of *Swiggy*, are cited as case law. The correctness of the instructions was sustained because, in effect, the jury was told that if defendant had sold a substance without knowing that it was a narcotic, he could not be convicted.

*People* v. *Agnew*, 176 P.2d 724. The point discussed there was whether omitting in the indictment the word "willfully," later added by amendment, rendered the information insuffi-

cient. The case involved an indictment for perjury committed upon verifying the allegations of a complaint for an injunction. Insofar as pertinent to the point under consideration here, it was stated in said case: "Appellant's knowledge of the falsity of his charges [the indictment had alleged such knowledge] and his deliberation in making the affidavit are both implied in the word 'willfully' used in the indictment, and may be assumed from the fact that appellant appeared before an officer and solemnly swore to the complaint." And as case law it then cites the case of *Leonard* v. *Superior Court*, 48 P.2d 687. The latter case states that defendant had acted "willfully" because it was thus inferred from the facts alleged in the sense that defendant "made and caused to be made the report in question; and that they caused it to be filed with the building and loan commissioner after they had verified it."

*Lamb* v. *State*, 293 P.2d 624. This is a case of abandonment of minors. It is stated therein that the allegation that one willfully committed an act is the same as that he knowingly committed the act. *Bohannon* v. *State*, 271 P.2d 739, another case of abandonment of minors, is cited as authority. It repeats that "knowingly" and "willfully" have the same meaning for the purposes of the child desertion statute. It relies on the case of *Hutchman* v. *State*, 66 P.2d 99, which, in turn, cites as authority 8 Words and Phrases (First Series). One of the definitions contained in said work states that in common parlance "willfully" is used in the sense of "knowingly," as distinguished from accidental or involuntary. This set of definitions is based on cases, many of which we have analyzed.

In *United States* v. *Okin*, 154 F.Supp. 553, defendant was accused of causing to be made a false document and of conspiracy. The indictment used the word "knowingly." It did not use the word "willfully." It was stated that the facts recited alleged "guilty intent." *Finn* v. *United States*, 256

F.2d 304. A Regulation provided: "No person, while on the airport or in any building located on the airport, shall . . . use profane or vulgar language." There was another statute which provided: "Any person who knowingly and willfully violates any rule or regulation prescribed under this Act shall be guilty of misdemeanor." The information alleged that defendant "did unlawfully and without just cause or excuse, and in a riotous or disorderly manner use loud and profane language." It is decided that this language is equivalent to stating that defendant performed the act as intended by the statute, that is, "knowingly and willfully."

In *Rumely* v. *United States*, 293 Fed. 532, it is decided that "willfully" cannot be omitted from an indictment when the term is part of the statutory definition of the offense, but where the facts alleged necessarily import "willfulness", failure to use the word is not fatal to the indictment. It was also stated in said case that for the adequate protection of the rights of a person accused of crime, an indictment must be declared invalid unless it clearly and exactly sets forth the crime charged.

In *Nickell* v. *United States*, 161 Fed. 702, the indictment for conspiracy to induce certain persons to commit perjury contained the phrase "knowingly done" although it did not contain the word "willfully." The indictment used the phrases "unlawfully, willfully, and corruptly." The court, without considering whether said phrases were applicable to the subsequent allegations of the indictment decided that the facts alleged necessarily import "willfulness." It was alleged, although in other words, that defendants had acted willfully.

*United States* v. *Amorosa*, 167 F.2d 596, dealt with an indictment for theft of freight in interstate commerce. It was argued that the indictment was defective because there was no charge that the acts specified were "feloniously" and "knowingly" done. The sufficiency of the indictment was sus-

tained because the applicable statute did not contain such phrases in the definition of the offense.

We do not question that according to the text of an information the use of the word willfully may be equivalent to "knowingly" or vice versa. It all depends on the facts alleged and the provisions of the penal statute which creates the offense.

We shall offer a simple example. If it is stated that a person willfully boarded a taxi in San Juan to go to Río Piedras, there is no doubt that said person knowingly boarded said taxi. If the statute should punish the act of utilizing the services of a taxi, knowing that said vehicle failed to have the Public Service Commission license, an information alleging only that defendant willfully utilized the services of said taxi to go from San Juan to Río Piedras would be insufficient. What the law would punish would be that the defendant would use said taxi knowing that it lacks a license. The use of the word willfully could not substitute the word "knowingly." It is so because if defendant has no knowledge that the taxi lacked a license, he would not incur an offense.

In the majority of the cases analyzed the very facts recited in the information served as basis to necessarily infer that defendant had acted "knowingly" where that was an essential element of the offense, although it was not alleged in those same words.

If in the present case the information had alleged that defendant had counterfeited dollar bills making use of the materials and tools which he had in his possession, there is no doubt that, from said fact it could be inferred that he had knowledge that said materials and tools were made use of in counterfeiting dollar bills; but it was not so alleged.

I conclude that, in my opinion, as stated in the Per Curiam opinion, the facts charged in the information do not constitute an offense.